**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 93-1377
_____

PHILLIPS PETROLEUM COMPANY,

Plaintiff-Appellant,

VERSUS

GARY JOHNSON, Area Manager,
Dallas Area Compliance Office,
Minerals Management Service, et al.,

Defendants-Appellees.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ATLANTIC RICHFIELD COMPANY,

Plaintiff-Appellant,

VERSUS

BRUCE BABBITT,
Secretary of Department of Interior, et al.,

Defendants-Appellees.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PHILLIPS PETROLEUM COMPANY,

Plaintiff-Appellant,

VERSUS

GARY JOHNSON, Area Manager,
Dallas Area Compliance Office,
Minerals Management Service, et al.,

Defendants-Appellees.

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

PHILLIPS PETROLEUM COMPANY,

Plaintiff-Appellant,

VERSUS

GARY JOHNSON, Area Manager,
Dallas Area Compliance Office,
Minerals Management Service, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Texas
(CA3:89-1707-H x/w 3:89-2393-H; 3:89-2727-H & 3:89-2751-H)

_____

PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING EN BANC

(September 7, 1994)

Before SMITH and BARKSDALE, Circuit Judges, and WALTER,[*] District Judge.

JERRY E. SMITH, Circuit Judge:[**]

No member of this panel nor Judge in regular active service on the court having requested that the court be polled on rehearing en banc, the suggestion for rehearing en banc is DENIED. The petition for rehearing is GRANTED so that we may address an issue that we

_____

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

inadvertently omitted from our previous opinion in this case. This supplemental opinion modifies our opinion issued on June 10, 1994, 22 F.3d 616 (5th Cir. 1994).

We previously reversed the district court's grant of summary judgment to defendants because we concluded that the MMS Procedure Paper was a substantive rule promulgated without notice and comment. Two of the four consolidated cases did not, however, involve the Procedure Paper. Concluding that the statute of limitations does not bar the agency's action, we affirm the district court's grant of summary judgment to defendants in those cases.

## I.

Phillips contends that the MMS orders are invalid, as they cover royalties due from a period outside the six-year limitation period imposed by 28 U.S.C. § 2415(a), which bars "every action for money damages" brought by the United States unless the "complaint is filed within six years." Phillips and ARCO contend that (1) MMS orders are "actions," and (2) royalty demands are actions "for money damages."

The term "action for money damages" refers to a suit in court seeking compensatory damages. The plain meaning of the statute bars "every action for money damages" unless "the complaint is filed" within six years." (Emphasis added.) Thus, actions for money damages are commenced by filing a complaint. Actions that do not involve the filing of a complaint are not "action[s] for money

3

damages."  Since the government has filed no complaint,[1] the agency action is not a "action for money damages."  Thus, § 2415 is no bar.

In addition, the meaning of the phrase "money damages" is narrowly construed.  See Bowen v. Massachusetts, 487 U.S. 879, 893 (1988) ("The fact that a judicial remedy may require one party to pay money to another is not sufficient reason to characterize the relief as `money damages.'").  "Money damages" normally refers to a sum of money used as compensatory relief.  Id. at 897.

By contrast, orders issued by MMS seek monies due under a contract with the government.  Such contractual obligations cannot be considered compensatory.  Agency orders are therefore not barred by the limitations period of § 2415.  Consequently, we affirm the district court's grant of summary judgment to defendants on those causes not affected by the Procedure Paper.  In all other respects, our prior opinion is unmodified.  The judgment is AFFIRMED IN PART and REVERSED IN PART.

---

[1] This suit is for declaratory judgment brought by Phillips and ARCO; moreover, the agency order cannot be construed as a complaint.