IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50636

_____

DAVID WOTTLIN,

Petitioner-Appellant,

v.

LESTER E FLEMING, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

March 23, 1998

Before KING, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:

Petitioner-Appellant David Wottlin appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prisons' application of 28 C.F.R. § 550.58 to him and thereby rendering him ineligible for early release following his successful completion of a drug-abuse treatment program while in custody. We affirm the judgment of the district court.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In 1993, Petitioner-Appellant David Wottlin was convicted of possession of methamphetamine with intent to distribute, and he was sentenced to seventy months in prison.  In April 1994,

Wottlin began a comprehensive drug-abuse treatment program (the Program) at the Federal Correctional Institution in Bastrop, Texas (FCI Bastrop). He asserts that before he entered the Program, FCI Bastrop officials indicated that if he completed it he would be eligible for early release pursuant to pending legislation that they believed Congress would soon pass. Wottlin admits, however, that subsection (e) of 18 U.S.C. § 3621, which authorized discretionary early release for prisoners that have completed a comprehensive drug-abuse treatment program, was not added to the statute until after he entered the Program. See 18 U.S.C. § 3621(e).

Wottlin completed the Program in March 1995, and Bureau of Prisons (BOP) officials thereafter denied his request for early release, explaining that he was not eligible because a new BOP regulation, enacted pursuant to § 3621(e), provided that an inmate who has "a prior conviction for homicide, forcible rape, robbery, or aggravated assault" was not eligible for early release under § 3621(e). 28 C.F.R. § 550.58. Wottlin was convicted of armed robbery in 1965.

Thereafter, Wottlin filed a § 2241 petition challenging the BOP's refusal to grant him early release. He contended that he was entitled to be released one year early pursuant to § 3621(e)(2)(B) and that the BOP, by enacting 28 C.F.R. § 550.58, which excluded him from eligibility for early release, had violated his constitutional rights under the Equal Protection, Due Process, and Ex Post Facto Clauses. He also argued that

2

§ 550.58 represented an erroneous administrative interpretation of § 3621(e).

Without requiring Respondent-Appellee Warden Lester Fleming to answer, a magistrate judge issued a report recommending that Wottlin's petition be dismissed, finding that the BOP had not abused its discretion in promulgating regulations construing § 3621(e) to exclude inmates who had previously been convicted of certain violent felonies from early-release eligibility. The magistrate judge also concluded that Wottlin's constitutional challenges were meritless.

Wottlin thereafter filed objections to the magistrate judge's recommendation, but the district court adopted the recommendation and dismissed Wottlin's petition. Wottlin timely filed notice of appeal, and the magistrate judge granted him permission to proceed in forma pauperis.[1]

## II. DISCUSSION

Wottlin raises several issues on appeal. First, he argues that the BOP's interpretation of 18 U.S.C. § 3621(e)(2)(B), as embodied in 28 C.F.R. § 550.58, is incorrect and an abuse of discretion. Second, he raises three challenges to the application of § 550.58 to him, claiming that it violates his

---

[1] On September 8, 1997, Wottlin was released to the Cornell Corrections Halfway House in Houston, Texas. For purposes of habeas relief, Wottlin remains "in custody." Cf. Ojo v. INS, 103 F.3d 680, 681 (1997) (finding that a prisoner who is within a term of supervised release remains in custody for purposes of habeas relief). Wottlin seeks a one-year reduction in his three-year term of supervised release.

rights to due process and equal protection, and that it violates the Ex Post Facto Clause of the Constitution.

## A. Promulgation of 28 C.F.R. § 550.58

Wottlin first argues that the BOP's interpretation of 18 U.S.C. § 3621(e)(2), as embodied in 28 C.F.R. § 550.58, is an abuse of discretion. He contends that in reviewing this issue the district court improperly bypassed the first step of the analysis required by the Supreme Court's decision in Chevron U.S.A., Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837 (1984), because it failed to acknowledge that the plain language of the statute made him eligible for early release. In addition, he asserts that § 3621(e) did not permit the BOP to apply its regulation to him retroactively and thereby revoke his eligibility for early release. Finally, he argues that the Administrative Procedure Act (APA), 5 U.S.C. § 551(4), (6), bars the retroactive application of 28 C.F.R. § 550.58.

Wottlin's argument relies on subsection (e) of § 3621, which was enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, and which he claims entitles him to early release:

> **(A) Generally.**--Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the [BOP] deems appropriate. . . .
>
> **(B) Period of Custody.**--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be

4

more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2). Effective May 25, 1995, the BOP issued regulations governing substance-abuse treatment programs which state that an inmate

> who completes a residential drug abuse treatment program . . . during his or her current commitment may be eligible . . . for early release by a period not to exceed 12 months. The following categories of inmates are not eligible: . . . inmates who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault.

28 C.F.R. § 550.58.

We review regulations such as § 550.58 under the two-step standard set out by the Supreme Court in Chevron: We look first to the intent of Congress, and if it is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43. If, however, we find that the language of the statute is ambiguous or silent on a particular issue, then we turn to the second step of our analysis and "the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843. If the agency's interpretation is reasonable, the court will defer to its legislative regulations unless they are "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844.

Wottlin contends that the plain language of § 3621(e)(2)(B) is unambiguous in that it makes inmates whose current convictions are for nonviolent offenses eligible for sentence reductions. In fact, the plain language of § 3621(e)(2)(B) states only that the

5

sentence of a prisoner convicted of a "nonviolent offense" who has completed a drug-abuse treatment program "may be reduced by the Bureau of Prisons." 28 U.S.C. § 3621(e)(2)(B) (emphasis added). Thus, § 3621(e)(2)(B) explicitly leaves sentence reductions to the discretion of the BOP.

Wottlin next argues that the BOP must exercise its discretion individually as to each and every inmate whose sentence "may be reduced" under § 3621(e)(2)(B). This argument ignores the possibility that Chevron permits the BOP to exercise its discretion as to categories of inmates by eliminating them from consideration in a properly-promulgated regulation such as § 550.58.

Although this case presents an issue of first impression in this circuit, at least two other circuits have considered it and have concluded that § 550.58 is a reasonable regulation. See Stiver v. Meko, 130 F.3d 574 (3d Cir. 1997); Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997), petition for cert. filed, 66 U.S.L.W. __ (U.S. Jan. 7, 1998) (No. 97-7393). In Jacks, the Ninth Circuit reasoned that nothing in § 3621(e)(2)(B) requires the BOP to limit eligibility criteria to only the current offense of conviction. 114 F.3d at 984. In addition, the court noted that the "may be reduced" language in § 3621(e)(2)(B) affords the BOP "broad discretion" to grant or deny the reduction and that § 3621(e)(2)(A) states that a prisoner who completes a drug-abuse treatment program "'shall remain in the custody of the [BOP] under such conditions as the [BOP] deems appropriate.'" Id.

6

(quoting 18 U.S.C. § 3621(e)(2)(A)). The court therefore concluded that in promulgating § 550.58 the BOP simply "exercised its discretion to promulgate a reasonable rule of general applicability which is perfectly consistent with the statutory scheme." Id. at 986. Similarly, in Stiver, the Third Circuit explained that

> [t]he [BOP] in the exercise of its discretion in administering the early release element of the residential drug abuse treatment program, has imposed an additional qualification: prisoners' non-conviction of certain enumerated past violent offenses, in addition to the requirement that the present conviction be for a non-violent offense. It was not attempting to, and has not interpreted the phrase "convicted for a violent offense" in a manner at odds with Congress's intended meaning . . . .

130 F.3d at 577.

We agree with the Ninth and Third Circuits' analysis of this issue, and we therefore find that the BOP did not abuse its discretion in promulgating 28 C.F.R. § 550.58, thereby precluding Wottlin from obtaining an early release pursuant to § 3621(e).

## B. Constitutional Claims

Wottlin raises three constitutional claims, arguing that the application of § 550.58 to him deprives him of his rights to due process and equal protection and that it violates the Ex Post Facto Clause. We address each of these claims in turn.

Wottlin first contends that BOP Program Statement 5330.10 contains "mandatory" language that grants him a due-process liberty interest in early release. This claim lacks merit. "A regulation may create a protected liberty interest if it uses mandatory language to place a substantive limit on official

7

discretion."  United States v. Tubwell, 37 F.3d 175, 179 (5th Cir. 1994) (citing Olim v. Wakinekona, 461 U.S. 238, 249 (1983)). Although Wottlin does identify mandatory language in Program Statement 5330.10, it relates to the procedures for implementing the Program.  Wottlin identifies no portions of Program Statement 5330.10 that mandate the granting of an early release to an inmate who completes the Program.  Moreover, § 550.58, which governs eligibility for early release, expressly provides that certain categories of inmates--including those, like Wottlin, with previous robbery convictions--are not eligible.  28 C.F.R. § 550.58; cf. Jacks, 114 F.3d at 986 n.4 (rejecting a petitioner's similar claim that § 3621(e)(2)(B) creates a due process liberty interest).

Wottlin next contends that § 550.58's exclusion of him from eligibility for early release violates his right to equal protection because "he is being treated differently than other similarly situated prisoners who have been granted sentence reduction eligibility and consequently sentence reduction." Wottlin argues that § 550.58 should be subjected to strict scrutiny because it denies him a fundamental right and because, "[f]or purposes of sentence reduction eligibility, . . . [it] create[s] two classes of persons."  This argument lacks merit.

Strict scrutiny is appropriate only where a government classification implicates a suspect class or a fundamental right. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985).  A classification that categorizes inmates based on the

8

type of criminal offenses for which they have been convicted does not implicate a suspect class. See Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir.), cert. denied, 117 S. Ct. 212 (1996). A "fundamental right," for purposes of equal protection analysis, is one that is "among the rights and liberties protected by the Constitution." San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 29 (1973). A convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence. Cf. Greenholz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Thus, as strict scrutiny is not appropriate, we review § 550.58 under the more lenient "rational basis" standard, and we will uphold it if we find that it is rationally related to a legitimate governmental interest. Smallwood, 73 F.3d at 1351.

As the Ninth Circuit explained in addressing a similar challenge to § 550.58's use of a categorical rule, "By promulgating a reasonable categorical rule, the [BOP] ensures predictability and consistency in administration of the one-year sentence reduction program. Were the [BOP] precluded from issuing such rules to guide its discretion, petitioners would no doubt complain about the [BOP's] standardless decisionmaking." Jacks, 114 F.3d at 986; see also id. at 986 n.5 (noting that the BOP explained § 550.58 by stating that, "'[b]ecause state convictions may show a considerable range in the degree of violence used in the offense, the [BOP] has chosen to use . . . categories of crimes, which are reported under the FBI Violent

9

Crime Index, as the sole determinant of violence in the criminal history.'" (quoting Drug Abuse Treatment Programs:  Early Release Consideration, 60 Fed. Reg. 27,692 (May 25, 1995)) (first set of brackets in original)).  We think that the use of such categories to create a uniform rule is rationally related to the legitimate governmental interest of preventing the early release of potentially violent inmates, and we therefore find that the application of § 550.58 to Wottlin does not violate his right to equal protection.

Lastly, Wottlin claims that the BOP's application of § 550.58 to him violates the Ex Post Facto Clause of the Constitution.  He contends that § 550.58 is retroactive as applied to him because, until the time that he completed the Program, the BOP determined sentence reduction eligibility under § 3621(e) based on whether an inmate's current sentence was the result of a conviction for a crime of violence.

The Supreme Court has indicated that "the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them."  Collins v. Youngblood, 497 U.S. 37, 41 (1990).  More recently, the Court has clarified the ex post facto inquiry, stating that

> the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," nor . . . on whether an amendment affects a prisoner's "opportunity to take advantage of provisions for early release," but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995) (citation omitted).

Wottlin nevertheless contends that the Supreme Court's decision in Lynce v. Mathis, 117 S. Ct. 891 (1997), indicates that application of § 550.58 to him would violate the Ex Post Facto Clause. In Lynce, the Supreme Court determined that a 1992 Florida statute that canceled early-release credits for certain classes of offenders after the credits had been awarded and after the petitioner had been released from custody violated the Ex Post Facto Clause. See id. at 898. The Court explained that the statute "did more than simply remove a mechanism that created an opportunity for early release for a class of prisoners whose release was unlikely; rather it made ineligible for early release a class of prisoners who were previously eligible--including some, like [the] petitioner, who had actually been released." Id. Wottlin argues that, like the petitioner in Lynce, he was made ineligible for early release where he was previously eligible.

Pursuant to § 3621(e)(2)(B), Wottlin's eligibility for the early release program has always been subject to the discretion of the BOP. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP] . . . ." (emphasis added)). Section 550.58 is merely a categorical determination by the BOP that it will not exercise that discretion in the case of inmates with a prior

11

conviction for certain specified crimes.  Cf. Hallmark v. Johnson, 118 F.3d 1073, 1079 (5th Cir.) (declining to extend Lynce to invalidate a Texas directive removing a corrections official's discretion to restore good-time credits forfeited for prison violations and noting that the fact that the official previously had discretion as to whether to restore credit constituted fair warning that forfeited credits might not be restored at all), cert. denied sub nom., 118 S. Ct. 576 (1997). In contrast, Lynce concerned a change in the applicable statute making the petitioner ineligible for the good-time credits at issue, causing the retroactive removal of the good-time credits that the petitioner had already been awarded, and directing the re-arrest of the petitioner subsequent to his early release.  117 S. Ct. at 898.

Although the question of whether the application of § 550.58 to a prisoner who underwent drug treatment prior to its promulgation violates the Ex Post Facto Clause is a question of first impression in this circuit, in Stiver the Third Circuit determined that the application of § 550.58 to an inmate in precisely the same situation presented in this case did not violate the Ex Post Facto Clause.  The court explained,

> Stiver suffers no disadvantage as a result of the regulation.  His sentence began in 1992, before section 3621(e)(2)(B) was enacted.  At that time he could not have been eligible for a one-year sentence reduction for completing a substance abuse program, because the enabling statute did not yet exist.  Today, under 28 C.F.R. § 550.58, he is still ineligible for sentence reduction.  The fact that he arguably was eligible for early release during the period between the enactment

12

> of section 3621(e)(2)(B) and the Bureau's adoption of 28 C.F.R. § 550.58 is irrelevant.

Stiver, 130 F.3d at 578. We agree with the conclusion reached in Stiver. Not only was Wottlin convicted prior to the addition of subsection (e) to § 3621, but he also entered the Program approximately five months prior to its enactment. Moreover, although Wottlin may have been eligible to seek early release during the interim between the enactment of § 3621(e) and the promulgation of § 550.58, whether he was actually granted early release was always left, by the terms of § 3621(e), to the broad discretion of the BOP. See 18 U.S.C. § 3621(e)(2)(B). In promulgating § 550.58, the BOP has exercised that discretion, and the reasonable exercise of properly delegated discretion in this manner did not constitute a violation of the Ex Post Facto Clause.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.