Uhrico CADENA

v.

John M. TOMBONE.

No. CIV.A. 1:98cv1635.

United States District Court,
E.D. Texas,
Beaumont Division.

June 30, 1998.

Uhrico Cadena, pro se.

*MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

COBB, District Judge.

Petitioner Uhrico Cadena, a federal prisoner, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

### ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

Petitioner Uhrico Cadena, a federal prisoner confined in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

On October 28, 1992, in the United States District Court for the Northern District of Ohio, petitioner was convicted of conspiracy to possess and distribute marijuana in violation of 21 U.S.C. § 846, possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), three counts of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b), and two counts of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. Petitioner had also been charged with using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924. Petitioner was acquitted on that count, but his sentence was enhanced pursuant to Sentencing Guideline 2D1.1(b)(1) after the court found he possessed a firearm during a drug-trafficking offense.

Petitioner appealed the conviction and sentence to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit affirmed the conviction and rejected petitioner's contention that his sentence was improperly enhanced for conduct of which he had been acquitted. *United States v. Cantu*, 50 F.3d 11 (6th Cir.1995). However, the case was remanded to the district court for further findings regarding the amount of drugs for which petitioner and his codefendants could be held accountable. *Id.* The Sixth Circuit subsequently affirmed the findings of the district court on January 12, 1996.

### Analysis

Petitioner presents several grounds for relief, all arising out of a decision by the Bureau of Prisons to deny him a reduction in sentence for successfully completing a substance abuse treatment program.

#### Title 18 U.S.C. § 3621(e)

Title 18 U.S.C. § 3621(e) allows the Bureau of Prisons discretion to reduce the sentence of a prisoner convicted of a nonviolent

offense upon successful completion of a substance abuse treatment program. The sentence of an eligible prisoner may be reduced by the Bureau of Prisons by up to one year. 18 U.S.C. § 3621(e)(2)(B). The enabling statute gives the Bureau of Prisons considerable discretion to determine which prisoners may participate in the treatment programs and which prisoners are eligible for sentence reductions. *Venegas v. Henman,* 126 F.3d 760, 762 (5th Cir.1997).

The Bureau of Prisons published regulations excluding prisoners from consideration for early release if the current offense is determined to be a crime of violence as defined by 18 U.S.C. § 924(c)(3). 28 C.F.R. § 550.58 (1995). Under Section 924(c), a crime of violence is a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) ... by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Bureau of Prisons later issued Program Statement 5162.02 which precluded a prisoner from obtaining a reduction in sentence upon successfully completing a treatment program if the prisoner's current sentence had been enhanced pursuant to Sentencing Guideline 2D1.1 for possessing a dangerous weapon during the commission of a drug offense. Federal Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 5162.02. According to the Program Statement, such conduct constitutes a crime of violence because the use of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property.[1] *Id.*

Petitioner completed a substance abuse treatment program on December 1, 1994. Although he successfully completed the program, the Bureau of Prisons has determined petitioner is not eligible for early release because the sentence for his current conviction was enhanced two levels pursuant to

Section 2D1.1 for possessing a dangerous weapon during a drug offense. Petitioner challenges the determination on several grounds.

*Sentence Enhancement*

First, petitioner contends the trial court improperly enhanced his sentence pursuant to Section 2D1.1. Petitioner contends his sentence could not constitutionally be enhanced for possessing a dangerous weapon during a drug offense when the jury acquitted him of using and carrying a weapon in relation to a drug trafficking crime.

 The instant petition was brought pursuant to 28 U.S.C. § 2241. Section 2241 is the proper vehicle to attack the manner in which a sentence is being executed. *Ojo v. INS,* 106 F.3d 680, 683 (5th Cir.1997). Errors that occurred during or before sentencing are properly challenged in a motion brought pursuant to 28 U.S.C. § 2255. *Id.* Petitioner's attack on the constitutionality of the two level enhancement is a challenge to his sentence that must be brought in a Section 2255 motion. The only court with jurisdiction over his sentencing claim is the court that sentenced him. *Id.* This court lacks jurisdiction to determine whether petitioner was appropriately sentenced and, therefore, will not consider the constitutionality of the two level enhancement.

*Interpretation of the Statute*

 Petitioner contends the Bureau of Prisons' interpretation of the governing statute and regulations is arbitrary and capricious because, under the interpretation, prisoners who have received a two level sentence enhancement under Section 2D1.1 are not eligible for early release. The Fifth Circuit recently addressed this issue and concluded that the decision to exclude such prisoners from consideration for early release was a valid exercise of the Bureau of Prisons' discretion. *Venegas,* 126 F.3d at 765. The Court held, "The Bureau of Prisons' exclusion of ... drug convictions with enhanced sentences due to possession of a weapon

---

**1.** The Bureau of Prisons subsequently modified 28 C.F.R. § 550.58 so that the regulation itself specifically excepts from consideration for early release any prisoner whose current conviction

involved carrying, possession, or use of a firearm or other dangerous weapon. 28 C.F.R. § 550.58 (1997).

from eligibility for early release after substance abuse treatment is consistent with the letter and spirit of the Bureau's authority as derived from section 3621(e)." *Id.* The Bureau of Prisons' interpretation of the statute was not arbitrary or capricious. As a result, petitioner is not entitled to relief on this ground.

### Retroactive Application

■ Petitioner next contends Program Statement 5162.02 was not issued until after he applied for the drug abuse program and, therefore, should not affect his eligibility for early release. Petitioner also alleges a previous version of the program statement, issued after he completed the treatment program, did not explicitly exclude a prisoner from consideration for early release if his sentence had been enhanced under the sentencing guidelines for possessing a weapon during a drug offense. As the old version of the program statement did not explicitly state that such prisoners were not eligible for early release, petitioner argues he may have received an early release if his eligibility was determined under that version. Petitioner contends the Bureau of Prisons is retroactively applying the new version of Program Statement 5162.02 to deny him early release and argues that such an application is unconstitutional.

The Fifth Circuit has determined that retroactive application of the Bureau of Prisons' regulations to prisoners who entered treatment before the regulations were promulgated does not violate the Ex Post Facto Clause. *Wottlin v. Fleming,* 136 F.3d 1032, 1038 (5th Cir.1998). Although a prisoner may have been eligible to seek early release between the enactment of Section 3621(e) and the promulgation of the regulations, the decision to grant early release was always left to the discretion of the Bureau of Prisons. *Id.* The Court found that the Bureau of Prisons exercised its broad discretion in issuing the regulations and held that "the reasonable exercise of properly delegated discretion in this manner did not constitute a violation of the Ex Post Facto Clause."

In this case, petitioner does not challenge the retroactive application of the regulations or program statements on the basis that such application violates the Ex Post Facto Clause. Instead, he asserts the new version of the program statement should not be applied retroactively, regardless of whether its application violates the Ex Post Facto Clause, because the new version arguably produces a less favorable result as applied to petitioner. The new version of the program statement specifically excepts petitioner from consideration for early release while the old version does not. Therefore, petitioner contends he may be eligible for early release under the old program statement although he is clearly not eligible under the revised program statement.

■ Generally, courts do not apply administrative regulations retroactively unless the language of the regulation so requires. *Hernandez–Rodriguez v. Pasquarell,* 118 F.3d 1034, 1042 (5th Cir.1997). This is due to a judicial reluctance to interfere with "settled expectations and antecedent rights." *Id.* However, in this instance, the traditional justification for nonretroactivity does not apply. Section 3621(e) was not enacted until 1994, after petitioner had already been convicted and sentenced. At the time of his sentencing, petitioner had no expectation of early release. Petitioner does not state when he entered the drug abuse treatment program, but he completed the program on December 1, 1994, before the Bureau of Prisons had adopted any regulations or program statements concerning the administration of Section 3621(e).

Petitioner's argument against retroactive application of the revised program statement is inconsistent. If the court determined that the Bureau of Prisons' regulations and program statements should not be applied retroactively, then petitioner's eligibility for early release would have to be assessed solely on the language of Section 3621(e) itself as neither version of Program Statement 5162.02 was in effect when petitioner completed the program. Petitioner does not argue against retroactive application of the program statement altogether. Instead, he seeks retroactive application of the program statement that is arguably more favorable to him.

Petitioner had no expectation that his eligibility for early release would be determined under either version of the program state-

ment. Therefore, the general rule against retroactive application of administrative regulations does not apply. The court must now determine whether applying the revised program statement would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994).

As discussed above, the Bureau of Prisons was given broad discretion under Section 3621(e) to determine an inmate's eligibility for early release. The determination made in petitioner's case was an exercise of that discretion. Petitioner does not allege he would have been granted early release if the Bureau of Prisons considered his application under first version of Program Statement 5162.02. Petitioner merely contends the Bureau of Prisons should have applied the first version because the revised version foreclosed any possibility of early release. At no time was petitioner ever entitled to early release; such determinations were always made at the discretion of the Bureau of Prisons.

Petitioner's rights were not impaired by the determination that he is not eligible for early release. Therefore, he is not entitled to relief on this ground.

### Equal Protection

■ Petitioner contends the regulations established by the Bureau of Prisons violate his right to equal protection because other, similarly situated, inmates are considered eligible for a reduction in sentence and have received a sentence reduction. The Fifth Circuit considered, and rejected, this argument in *Wottlin v. Fleming*, 136 F.3d 1032 (5th Cir.1998). Classifying inmates according the type of criminal offense they committed does not implicate a suspect class. *Id.* at 1036. Additionally, "a convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence." *Id.* Because the Bureau of Prisons' regulation does not implicate a suspect class or a fundamental right, the Fifth Circuit analyzed the regulation under the more lenient rational basis standard instead of the strict scrutiny standard. The Court upheld the regulation, concluding that using catego-

ries of crimes to exclude inmates from consideration for early release is rationally related to the legitimate governmental interest in denying early release to potentially violent prisoners. *Id.* at 1037.

### Due Process

■ Petitioner asserts the Bureau of Prisons has denied him due process by refusing to consider him for early release. "The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest." *Venegas*, 126 F.3d at 765; *see also Wottlin*, 136 F.3d at 1036. Therefore, petitioner's due process claim lacks merit.

### Breach of Contract

■ Finally, petitioner contends the Bureau of Prisons breached the Drug Abuse Program contract by determining he was not eligible for early release. It is doubtful that such a claim can be raised in a Section 2241 petition for writ of habeas corpus. *Royal v. Tombone*, 141 F.3d 596 (5th Cir.1998). Assuming an alleged breach of contract may be challenged in this type of action, petitioner has failed to show the existence of a contract entitling him to early release. Petitioner submitted a copy of his certificate for completion of the treatment program. He also submitted a memorandum dated October 13, 1995 notifying petitioner that he is not eligible for early release because his current conviction is considered a crime of violence as defined in 18 U.S.C. § 924(c)(3). These documents do not establish a contractual relationship between petitioner and the Bureau of Prisons. Therefore, the breach of contract claim also fails. *Royal*, 141 F.3d at 604.

### Recommendation

This petition for writ of habeas corpus should be dismissed.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b), and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).