IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20026
Summary Calendar
_____

DAVID ANTHONY DYBOWSKI,

Plaintiff-Appellant,

versus

WAYNE SCOTT, director, Texas Department of Criminal Justice,
Institutional Division and GARY L. JOHNSON, Director, Texas
Department of Criminal Justice, Institutional Division,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3065)

August 13, 1998

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

David Anthony Dybowski, Texas prisoner #670925, appeals pro se the district court's dismissal as frivolous of his claims filed pursuant to 42 U.S.C. §1983. When construed liberally,[1] the arguments contained in his pleadings contend that the present statute governing the calculation of his good conduct time violates his equal protection and due process rights.

We review the district court's dismissal of Dybowski's equal

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

[1] The pleadings of a pro se litigant must be given a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).

protection claim for abuse of discretion. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33-34 (1992). Dybowski was convicted of an aggravated offense. He argues that TEX. CODE CRIM P. art. 42.18 §8(c) (West 1990) violates his equal protection rights because it prevents good conduct time from being credited toward the prison sentences of prisoners convicted of aggravated offenses. Classifying prisoners by the offense of conviction does not create a suspect class. <u>Wottlin v. Fleming</u>, 136 F.3d 1032, 1036-37 (5th Cir. 1998). Furthermore, a prisoner does not have a constitutional right to be released before the expiration of a valid sentence. <u>Id</u>. at 1037. Therefore, there need only be a rational basis for the classification. After a careful review of the record and the controlling authorities, we hold that the district court did not abuse its discretion in concluding that a rational basis existed.

Dybowski did not raise his due process argument in the district court, so we review this issue for plain error. <u>See Highlands Ins. v. National Union Fire Ins.</u>, 27 F.3d 1027, 1031-32 (5th Cir. 1994). Dybowski contends that the repeal of TEXAS REV. CIV. STAT. ANN. art. 6184-1 (West 1979), which would have allowed a credit towards his sentence for good conduct time regardless of his offense, violated his due process rights. Because Dybowski did not earn good conduct time during the effective date of the statute, his claim is without merit. Thus, the district court did not plainly err in dismissing as frivolous Dybowski's due process claim.

AFFIRMED.

2