IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11022
Conference Calendar
_____

RIGOBERTO MIGUEL BARRIOS,

Petitioner-Appellant,

versus

RALPH J. PAYNE, Warden,
Federal Correctional Institution,
Big Springs, Texas,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-108-H
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Rigoberto Miguel Barrios, federal prisoner # 80420-079, argues that the district court erred in denying his 28 U.S.C. § 2241 habeas petition alleging that the Bureau of Prisons (BOP) acted arbitrarily in issuing a policy statement precluding his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B). He argues that the policy of excluding inmates who received a sentence enhancement for possession of a weapon during a drug

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense is contrary to Congressional intent regarding the statute's proper application.

Barrios' argument that the BOP acted arbitrarily in issuing the policy is precluded by the precedent of this court and, thus, is without arguable merit. See Venegas v. Henman, 126 F.3d 760, 763-65 (5th Cir. 1997); Warren v. Miles, 230 F.3d 688, 694 n.4 (5th Cir. 2000).

Barrios also argues that the BOP deprived him of equal protection by failing to correct his central prison file to reflect that he is a naturalized citizen of the United States. He argues that as a result of the error, he was precluded from participating in the early release program which is available to other inmates.

The record reflects that the error concerning Barrios' citizenship was corrected during the administrative proceedings. Barrios was not prejudiced by the temporary error in his file because he was, and remains, ineligible for the early release program based on the policy discussed above. The court has determined that this policy exclusion does not violate the Equal Protection Clause. See Wottlin v. Fleming, 136 F.3d 1032, 1036-37 (5th Cir. 1998).

Barrios' appeal is without arguable merit. It is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Barrios' motion to expedite briefing is DENIED.

APPEAL DISMISSED; MOTION DENIED.