United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 03-41365
SUMMARY CALENDAR

———————————————

BRANDON CREIGHTON SAMPLE,

Plaintiff - Appellant,

v.

HARRELL WATTS, National Inmate Appeals Administrator;
FEDERAL BUREAU OF PRISONS,

Defendants - Appellees.

————————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Texas
(C-02-CV-428)

————————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

　　In this appeal, we review the district court's decision to grant the motion for summary

judgment filed by Defendants - Appellees, Harrell Watts and the Federal Bureau of Prisons.

　　Plaintiff - Appellant, Brandon Sample, argues that the implementation by the Bureau of

_____

　　[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

Prisons of Program Statement 1351.05 prohibiting inmates from possessing copies of their Presentence Report was either a change to existing Bureau of Prisons rule 28 C.F.R. § 513.44 or a change to existing policy. According to Sample, the Bureau of Prisons should have complied with the Administrative Procedure Act's notice and comment requirements when the bureau promulgated Program Statement 1351.05. According to Sample, because the Bureau of Prisons failed to comply with the Administrative Procedures Act, Program Statement 1351.05 is invalid, and the Bureau of Prisons must provide him with a copy of his Presentence Report in accordance with 28 C.F.R. § 513.44.

We disagree. Contrary to Sample's assertion, 28 C.F.R. § 513.44 does not state that inmates must be provided with copies of their Presentence Reports, but instead addresses the fees to be assessed for copies of disclosable documents requested by prisoners. 28 C.F.R. § 513.44. Program Statement 1351.04 explains what documents are disclosable, and Program Statement 1351.05 further explains that Presentence Reports are disclosable, but may not be possessed by inmates in the prison area. The Bureau of Prisons implemented this prohibition in response to an emerging problem where inmates pressure other inmates for a copy of their Presentence Report to learn if they are informants, gang members, or have financial resources. Thus, Program Statement 1351.05 did not contradict or alter an existing rule of longstanding policy or practice, and the Adminstrative Procedures Act's notice and comment requirements do not apply. *See Shell Offshore, Inc. v. Babbitt*, 238 F.3d 622, 627-30 (5th Cir. 2001); *Phillips Petroleum Co. v. Johnson*, 22 F.3d 616, 621 (5th Cir. 1994).

For the foregoing reasons, we affirm the district court's decision. AFFIRMED.