**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10775
Summary Calendar

DEBORAH SUZANNE WILLIAMS,

Petitioner-Appellant,

versus

GINNY VAN BUREN, Warden Federal Medical Center Carswell,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-390-A
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Deborah Suzanne Williams, federal prisoner # 13252-074, appeals from the district court's denial of relief on her 28 U.S.C. § 2241 petition. Williams is currently confined at the Carswell Federal Medical Center in Forth Worth, Texas. She is scheduled for release in April 2008.

After being diagnosed with cancer, Williams requested that the Bureau of Prisons ("BOP") move in the district court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for a reduction of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. The BOP denied her request for "compassionate release." The BOP stated that it "generally restricts" the application of 18 U.S.C. § 3582(c)(1)(A)(i) to inmates who have been diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care. The BOP determined that Williams's cancer was in remission and that there was no indication that she could not complete her sentence.

Williams does not dispute that her cancer is in remission, but she contends that, statistically, she will not live much longer. She argues that the BOP's unwritten policy on compassionate release is not an interpretive rule, but rather is a legislative rule that exceeds the requirements for compassionate release as set forth in governing statutes and regulations and thus violates the "notice and comment" requirements of the Administrative Procedure Act ("APA"). Williams requests that the BOP's denial of her request for a motion for compassionate release be set aside.

The APA requires "notice and comment" rulemaking procedures to be followed whenever rules which affect the rights and obligations of those being regulated are created. See Mercy Hosp. of Laredo v. Heckler, 777 F.2d 1028, 1032 (5th Cir. 1985). Interpretive rules, however, are exempt from such requirements. See Phillips Petroleum Co. v. Johnson, 22 F.3d 616, 619-20 (5th

Cir. 1994).  "Substantive or legislative rules affect individual rights and obligations and are binding on the courts.  Non-legislative rules, on the other hand, genuinely leave the agency and its decisionmakers free to exercise discretion."  Texas Sav. & Community Bankers Ass'n v. Federal Housing Finance Bd., 201 F.3d 551, 556 (5th Cir. 2001)(internal citation and internal quotation omitted).

The BOP's policy of "generally restrict[ing]" compassionate release to inmates who have been diagnosed with medical conditions that are terminal within one year, or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care, permits the exercise of discretion on the part of the bureau and thus is an interpretive rule.  See id.  Moreover, Williams has not shown that BOP's limitation on compassionate release affects her individual rights.  See id.; Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998) ("A convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence.").  In view of the foregoing, we conclude that the rule in question is an interpretive rule that is not subject to the "notice and comment" requirements of the APA, and we AFFIRM the judgment of the district court.

AFFIRMED.