United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10868
Summary Calendar

HAYWOOD GEORGE ALEXANDER,

Petitioner-Appellant,

versus

K. J. WENDT, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-873-M
--------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Haywood George Alexander, federal prisoner # 26639-077,
moves for leave to proceed in forma pauperis (IFP) following the
district court's certification pursuant to 28 U.S.C. § 1915(a)(3)
that his appeal from the denial of his 28 U.S.C. § 2241 habeas
corpus petition is taken in bad faith. Alexander also asks this
court to expedite his appeal. The court GRANTS Alexander's
motion to proceed IFP. Because no further briefing is needed to
resolve Alexander's appeal, the court will consider the merits of
Alexander's argument.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alexander contends that application of Bureau of Prisons' (BOP) 1995 and 1996 program statements and regulations--which were promulgated after he committed his offense conduct--to deny him eligibility for early release under 18 U.S.C. § 3621(e)(2)(B) violated the Ex Post Facto Clause. He also suggests that the adjustment to his guideline offense level for possession of a firearm violated United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004).

The application of the program statements and regulations to Alexander merely deprived him of an opportunity to take advantage of a discretionary early-release provision. They did not increase the penalty for his offense. As a result, no Ex Post Facto Clause violation occurred. See Wottlin v. Fleming, 136 F.3d 1032, 1037-38 (5th Cir. 1998); see also Warren v. Miles, 230 F.3d 688, 692-93 (5th Cir. 2000).

Regarding his guideline adjustment, Alexander does not seek relief under 28 U.S.C. § 2255, nor does he make any argument regarding the savings clause of 28 U.S.C. § 2255. He therefore has made no argument supporting relief under Booker or Blakely in the context of this case. Consequently, the court AFFIRMS the judgment denying Alexander's petition for habeas relief. Having resolved this matter, the court DENIES Alexander's motion to expedite his appeal as moot.

AFFIRMED.