IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 07-40172
Summary Calendar

DAVID MICHAEL GORDON

Plaintiff-Appellant

v.

GOVERNOR RICK PERRY; CHRISTINA MELTON CRAIN, Executive Director
of Texas Department of Criminal Justice in Dallas, Texas; BRAD LIVINGSTON,
Executive Director of Texas Department of Criminal Justice in Austin, Texas;
NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice
in Huntsville, Texas

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-242

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Michael Gordon, Texas prisoner # 877573, is appealing from the
district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C.
§ 1915A(b)(1). Gordon argues that he has a property interest in his earned good-
time credits and that it should be considered in determining the date of his
release. He argues that TEX. CRIM. PROC. CODE ANN. art. 37.07 § 4 creates a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

property interest in good-time credits for inmates who are not entitled to mandatory supervision release pursuant to TEX. CRIM. PROC. CODE ANN. art. 42.12 § 3g.

"The Constitution does not guarantee good-time credit for satisfactory behavior while in prison." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). However, a state may create a right to good-time credit. Id. Although jurors are instructed under art. 37.07 § 4(a) that a defendant "may earn time off the period of incarceration imposed through the award of good conduct time," the instruction further states that a § 3g defendant, such as Gordon, will not become eligible for parole until he serves the actual time of a portion of his sentence, without consideration of the good-time conduct that he earned. Thus, art. 37.07 § 4(a) does not conflict with the Texas statutes that provide that good-time credits apply only to parole eligibility, and it does not create a right to good-time credits that will reduce Gordon's sentence. Gordon has not provided any statutory basis creating a property interest in his good-time credits that will result in a reduction of his sentence. However, Gordon's good-time credits are valuable because they will be considered by the Parole Board when Gordon becomes eligible for parole. See Espinosa v. Texas, 29 S.W.3d 257, 261 (Tex. App. 2000).

Gordon's challenge to the constitutionality of TEX. GOVT. CODE ANN. § 498.003 because it provides that good-time credits apply only to eligibility for parole and mandatory supervision release is without merit because he has no constitutional property interest in obtaining parole. Madison, 104 F.3d at 768. For that same reason, a lack of a property interest, Gordon's argument under the Takings Clause of the Fifth Amendment is without merit. Chicago, B. & Q.R. Co. v. Chicago, 166 U.S. 226, 236 (1897).

Gordon has not made an arguable federal constitutional claim under the Separation of Powers Doctrine because he is complaining about the acts of state actors. See Sweezy v. New Hampshire, 354 U.S. 234, 255 (1957) Nor has he

shown that the Texas statutes governing good-time credits are bills of attainder because they do not constitute the legislative determination of guilt and infliction of punishment without the protection of a trial. See Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977).

Gordon has not alleged a meritorious equal protection violation based on his being treated differently from the non-violent inmates who are entitled to release on mandatory supervision. "A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998). Thus, the rational basis test should be used to evaluate Gordon's equal protection claim. Id. at 1036-37. The State has a legitimate state interest in prohibiting certain violent offenders from obtaining early release. See id. at 1037. Gordon's equal protection claim is without merit.

Gordon has not shown that he has been denied a state created property interest in good-time credits to which he is entitled or that the Texas laws governing good-time credits result in a constitutional violation on any other basis. The district court did not err in dismissing the complaint as frivolous and for failure to state a claim  The dismissal of the complaint is AFFIRMED.

Gordon's motion for appointment of counsel and for class action certification is DENIED.