**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-40476
Summary Calendar

LEXTER KENNON KOSSIE,

Plaintiff-Appellant

v.

CHRISTINA MELTON CRAIN, In Her Official Capacity as Chair of the Texas
Board of Criminal Justice; BRAD LIVINGSTON, In His Official Capacity as
Executive Director of the Texas Department of Criminal Justice,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-8

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lexter Kennon Kossie, Texas prisoner # 700661, proceeding pro se and in
forma pauperis (IFP), filed a civil rights lawsuit under 42 U.S.C. § 1983 against
officials at the Texas Department of Criminal Justice (TDCJ). He alleged that
the officials were violating his rights under the Due Process and Equal
Protection Clauses by awarding him good time credit even though he was

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in Fifth
Circuit Rule 47.5.4.

ineligible for release on mandatory supervision. He sought an injunction directing that he either be awarded "meaningful" good time credits or that he be "compensated via monetary wages" for the "fictitious" credits. He also requested that the defendants be enjoined from assigning him work duties or disciplining him until he is awarded meaningful good time credits. Kossie consented to proceed before a magistrate judge, *see* 28 U.S.C. § 636(c), who dismissed Kossie's amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

"We review a judgment rendered by a magistrate judge just as we do a judgment rendered by a district judge." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed under the same de novo standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Kossie's allegations that he suffered depression, anger, and headaches due to the continued awarding of "fictitious" good time credits fell short of the kind of physical injury required under 28 U.S.C. § 1997e(e) for a prisoner to bring an action for money damages. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). However, that the failure to satisfy the requirements of § 1997e(e) does not foreclose prisoner actions for injunctive or declaratory relief. *See id.* at 719 & n.7.

"In the prison context, a liberty interest is created in one of two ways: Either the Due Process Clause confers a liberty interest or such an interest is created by the state through a statute." *Richardson v. Joslin*, 501 F.3d 415, 418-19 (5th Cir. 2007) (citations omitted). Kossie does not argue that the awarding of good time credits to him implicated or impinged any liberty interest conferred by the Due Process Clause, but he contends that he had a constitutionally protected liberty interest to be "free from receiving goodtime / worktime credits" by virtue of Texas Code of Criminal Procedure art. 42.12, § 3g

(formerly Tex. Code. Crim. Proc. art. 42.18, § 8(c)). While the relevant Texas statutes prohibit Kossie from being released to community or mandatory supervision, they do not actually prohibit prison officials from awarding him good time credit. *See* Tex. Code Crim. Proc. art. 42.12; Tex. Gov't Code § 508.149; *see also* Tex. Code Crim. Proc. art. 42.18 (repealed 1997). Thus, the statutes cited by Kossie belie his claim that prison officials are prohibited from awarding good time or work time credit.

In addition, this court has held that a prisoner does not have a protected liberty interest in his custody classification, *Harper*, 174 F.3d at 719, and that prison officials may require prisoners to work without pay. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001). With no constitutionally protected interest at stake, Kossie cannot state a due process claim under § 1983. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976).

"A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class," and such classifications are therefore reviewed under the "rational basis" standard. *Wottlin v. Fleming*, 136 F.3d 1032, 1036-37 (5th Cir. 1998). As in *Wottlin*, where a categorical rule promulgated by the federal Bureau of Prisons was "rationally related to the legitimate governmental interest of preventing the early release of potentially violent inmates," Texas's denial of good time credits that have the effect of reducing a prisoner's period of incarceration to prisoners convicted of certain offenses such as aggravated robbery would pass muster under rational basis review. *See id.* at 1037.

Kossie complains that by asking during the *Spears*[1] hearing what injury he had suffered, the magistrate judge "inadvertently" misled him to believe that he had to identify a physical harm in order to state a claim for relief under § 1983. As explained above, a physical injury is a threshold requirement for

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

money damages pursuant to § 1997e(e), and the magistrate judge properly explored this question given that Kossie's complaint sought such damages. In addition, the magistrate judge considered whether Kossie's complaint stated a claim for declaratory and injunctive relief for violations of his rights under the Due Process and Equal Protection Clauses, belying Kossie's argument that the magistrate judge mistakenly found that Kossie's failure to identify a physical harm was dispositive of his lawsuit.

For the foregoing reasons, we dismiss Kossie's appeal as frivolous. *See* 5th Cir. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of his complaint in the district court under § 1915(e)(2)(B)(ii) and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996). We caution Kossie that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.