**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

JOSE ABEL MARTINEZ,

      Petitioner-Appellant,

v.

A.M. FLOWERS,

      Respondent-Appellee.

No. 98-6241

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-97-1991-A)

Jose Abel Martinez, pro se.

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[*]

**BALDOCK**, Circuit Judge.

      Petitioner Jose Abel Martinez appeals the district court's denial of his 42 U.S.C.

§ 2241 petition for habeas corpus relief. He also seeks to proceed on appeal in forma

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

pauperis. Petitioner, an inmate at the Federal Correctional Institution in El Reno, Oklahoma, alleges that the Bureau of Prisons (hereafter "BOP") wrongfully refused to grant him a one-year statutory sentence reduction upon his completion of a residential substance abuse treatment program at FCI-El Reno. See 18 U.S.C. § 3621(e)(2)(B). Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo the district court's denial of habeas corpus relief. See Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994). The district court's factual findings are reviewed for clear error. See Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996). Granting Petitioner's request to proceed in forma pauperis, we affirm.

I.

In 1995, Petitioner was convicted of conspiracy to possess with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and § 846. The district court sentenced him to ten years imprisonment and a five-year term of supervised release. On March 14, 1996, Dr. Robert Johnson, FCI-El Reno drug abuse program coordinator, interviewed Petitioner to determine his eligibility for participation in a substance abuse treatment program. As an incentive for completing substance abuse treatment, § 3621(e)(2)(B) of the Violent Crime Control and Law Enforcement Act of 1994 provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program may be reduced by the Bureau of Prisons [by] one year from the term the

2

prisoner must otherwise serve." Petitioner concedes that at the time of his interview, Dr. Johnson informed him that he was ineligible for § 3621(e) early release. Nonetheless, Petitioner began the residential treatment program on June 12, 1996, completing it on March 21, 1997. After completion, Petitioner filed an administrative complaint seeking the one-year sentence reduction. The BOP denied the reduction under Program Statement 5330.10 and 28 C.F.R. § 550.58, because Petitioner had an INS detainer against him and, as a result, would be unable to complete a community-based program.

After the BOP denial, Petitioner filed for habeas corpus relief in district court. The district court referred the petition to a United States Magistrate for preliminary review pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a report recommending dismissal of the petition. On May 13, 1998, the district court adopted the report and recommendation and dismissed the petition.

## II.

Petitioner argues that upon completion of the residential drug treatment program, he should have been granted a one-year reduction in sentence pursuant to § 3621(e). On appeal, Petitioner argues that: (1) amended versions of BOP Program Statement 5330.10 and 28 C.F.R. § 550.58 were improperly retroactively applied to him to exclude him from § 3621(e) early release; (2) in promulgating § 550.58, BOP exceeded its statutory authority; and (3) BOP's decision to deny the sentence reduction violated his equal protection rights under the Fifth Amendment. We reject Petitioner's arguments as set

3

forth below.

A.

Petitioner correctly notes that in May 1996, 28 C.F.R. § 550.58 and Program Statement 5330.10 were amended to exclude from the sentence reduction program individuals who could not complete a community-based treatment program. Amended § 550.58 provides in relevant part that inmates "who are not eligible for participation in a community-based program" are not eligible for early release. 28 C.F.R. § 550.58 (as amended May 1996).[1] Although BOP ostensibly based its decision to deny Petitioner's appeal on this portion of the amended version of § 550.58, we need not decide whether BOP could apply this amendment retroactively, because regardless of which version of § 550.58 BOP applied to Petitioner, he was excludable from the early release program on another ground. Both the original and amended versions of § 550.58 exclude individuals from early release who had previous convictions for "homicide, forcible rape, robbery, or aggravated assault."[2] Because Petitioner had a prior state conviction for vehicular manslaughter with gross negligence, a homicide under California law, he was ineligible

---

[1] Section § 550.58 was subsequently amended on October 1, 1998. The portions of the regulation relevant to this appeal, however, were not affected by the amendment.

[2] The earlier version of 28 C.F.R. § 550.58 provided that an inmate was ineligible for a sentence reduction if he had "a prior federal and/or state conviction for homicide . . . ."

for early release under either the original or amended version of 28 C.F.R. § 550.58.[3]

B.

Petitioner argues that in adopting 28 C.F.R. § 550.58, BOP exceeded its statutory authority.   In reviewing an agency's interpretation of a statute through a formal regulation, we defer to the agency's interpretation if it is based on a permissible construction of the statute.  See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984); Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998).   If the statutory language is ambiguous or silent on the issue, the agency's regulation receives "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute."  Chevron, 467 U.S. at 844.

Section 3621(e)(2)(B) allows BOP to reduce an inmate's sentence by one year if the "prisoner [was] convicted of a nonviolent offense."   In order to implement § 3621(e)(2)(B), BOP promulgated § 550.58 which lists certain categories of inmates who are excluded from sentence reduction.  The excluded categories include inmates such as Petitioner, "who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault."  The statute is silent as to whether BOP may consider a prisoner's past convictions or only the most recent one in determining eligibility for a sentence reduction.  Therefore, we must uphold the agency regulation unless it is "arbitrary,

---

[3]   The record also does not support a retroactivity argument.  Petitioner entered the drug treatment program in June 1996, one month after the amended version of § 550.58 went into effect.

5

capricious, or manifestly contrary to the statute."

We have not previously considered the validity of this particular § 3621(e)(2)(B) eligibility requirement. Three other circuits, however, have addressed this question, and upheld the regulation, concluding that BOP may permissibly exclude inmates from the early release program if they have prior convictions for a violent offense. See Wottlin v. Fleming, 136 F.3d 1032 (5th Cir. 1998); Stiver v. Meko, 130 F.3d 574 (3rd Cir. 1997); Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997), cert. denied, 118 S.Ct. 1196 (1998).

The statute states that the sentence of an inmate "convicted of a non-violent offense . . . may be reduced by the Bureau of Prisons." § 3621(e)(2)(B) (emphasis added). Absent from this language is a modifier which limits the non-eligibility criteria to the present conviction. The statute does not restrict the non-violent requirement to the "current" or "instant" conviction. In addition, the statute's language grants broad discretion to BOP to grant or deny the one-year sentence reduction. In Jacks v. Crabtree, the Ninth Circuit reasoned that the unrestrictive language of the statute, coupled with the broad discretion granted to BOP by the statute, allowed BOP to promulgate a regulation excluding inmates with prior convictions for violent crimes from early release. 114 F.3d at 986; see also Bush v. Pitzer, 133 F.3d 455, 458 (7th Cir. 1997) ("a prisoner whose offense is 'nonviolent' but whose underlying conduct is violent or prone to violence rationally can be excluded from the [early release] program").

Likewise, in Stiver, the Third Circuit concluded that BOP's "interpretation of the

statute represents a reasonable accommodation of Congress' goals of providing an incentive for inmates to obtain drug treatment while at the same time ensuring that persons likely to commit violent crimes do not receive early release." Stiver, 130 F.3d at 577. It would be inconsistent with Congress' goal of limiting early release to nonviolent offenders, to allow individuals with a history of violent crimes to receive the one-year sentence reduction merely because their latest conviction was for a non-violent crime. For these reasons, we agree with our sister circuits and uphold BOP's promulgation of § 550.58.

Our decision does not conflict with a recent Tenth Circuit decision striking down a different eligibility requirement under § 3621(e)(2)(B). In Fristoe v. Thompson, 144 F.3d 627 (10th Cir. 1998), we held that the adoption of Program Statement 5162.02, which allowed consideration of sentencing factors, as well as the crime of conviction, to determine whether an inmate was eligible for a § 3621(e)(2)(B) sentence reduction, exceeded BOP's statutory authority. The program statement provided that convictions obtained under 21 U.S.C. § 841 or § 846 should be considered crimes of violence "if the sentencing court increased the base level of the sentence for possession of a dangerous weapon during the commission of the offense." Fristoe, 144 F.3d at 629-30. In striking down the program statement, we first noted that courts "typically do not consider the predicate drug offense, conspiracy to distribute, a crime of violence." Id. at 631. Thus, the classification of Fristoe's crime as "violent" rested entirely upon the sentencing

7

factors.  Id.  We held that such reliance conflicted with the plain language of the statute which refers to prisoners "convicted of a nonviolent offense." (emphasis added). Id.  We reasoned that § 3621(e)(2)(B) simply does not authorize BOP to treat sentence enhancements or factors as if they were "convictions." Id. at 632.  In other words, if the prisoner has not been convicted of a violent offense, BOP cannot use sentencing factors or enhancements to convert a nonviolent offense into a violent one for purposes of § 3621(e)(2)(B).

The program statement at issue in Fristoe differs from the regulation at issue in this case in two significant ways.  First, § 550.58 explicitly requires that an inmate must have been previously convicted of a violent crime in order to be ineligible for the sentence reduction.  Importantly, unlike the program statement at issue in Fristoe, § 550.58 looks to inmates' actual criminal convictions and does not attempt to convert something else, such as a sentencing enhancement, into a conviction.  See Jacks, 114 F.3d at 985.  Thus, this case does not present the problematic denial of sentence reductions to inmates who have never been convicted of a violent crime because § 550.58 only excludes those inmates previously convicted of "homicide, forcible rape, robbery, or aggravated assault . . . ."

Second, Fristoe is distinguishable from the present case because of the different legal analyses we apply to formal versus informal agency interpretations of statutes.  A formal regulation is entitled to deference under Chevron and receives "controlling weight

unless arbitrary, capricious or manifestly contrary to the statute." Chevron, 467 U.S. at 844. Unlike a formal regulation, an informal program statement is not entitled to Chevron deference. See Fristoe, 144 F.3d at 631. Instead, we consider whether the program statement is a well-reasoned interpretation of the statute which has the "'power to persuade.'" Id. (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)). In Fristoe we applied the less-deferential standard when we invalidated the program statement. In contrast, in this case we owe § 550.58 full Chevron deference. Consequently, Fristoe does not control the outcome of the instant case.

C.

Petitioner's remaining equal protection argument is ineffectual at best. Petitioner argues that he was treated differently from other prisoners who have been granted sentence reductions. We review the government's classification of inmates with prior violent crime convictions under a rational basis standard, as no suspect class or fundamental right is implemented. See Wottlin, 136 F.3d at 1036 (reviewing § 550.58 under "rational basis" standard); see Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1,7 (1979) (a convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence); see also Shifrin v. Fields, 39 F.3d 1112, 1114 (10th Cir. 1994) (violent offenders are not a suspect class). Under this standard, we uphold a classification if it is rationally related to a legitimate government interest. See White v. State of Colorado, 157 F.3d 1226, 1234

9

(10th Cir. 1998).

When enacting the sentence reduction statute, Congress balanced the goal of providing inmates with an incentive to participate in substance abuse treatment with the need to ensure that violent offenders were not given early release. Section 550.58 furthers the legitimate governmental purpose of the statute by limiting early release to nonviolent offenders. Thus, we conclude that the regulation's treatment of inmates with prior convictions for violent crimes is rationally related to the legitimate governmental end of preventing the early release of potentially violent inmates. Consequently, BOP's application of this regulation to Petitioner did not violate his right to equal protection. See Wottlin, 136 F.3d at 1037.

AFFIRMED.