[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1586

 SEAN MURPHY,

 Petitioner,

 v.

 KATHLEEN M. HAWK, BUREAU OF PRISONS DIRECTOR,

 Respondent.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Richard G. Stearns, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Stahl and Lipez, Circuit Judges.

 Sean Murphy on brief pro se.
 Donald K. Stern, United States Attorney, and James F. Lang,
Assistant U.S. Attorney, on brief for respondent.

January 18, 2000

 Per Curiam. Pro se petitioner Sean Murphy appeals a
district court judgment that denied his 28 U.S.C. 2241
petition for a writ of habeas corpus to compel the Bureau of
Prisons (BOP) to reduce his federal sentence. This appeal asks
us to determine whether the BOP must consider a prisoner who
served most of his federal prison term at a state correctional
facility where he successfully completed a state drug abuse
treatment program eligible for a sentence reduction under 18
U.S.C. 3621(e)(2)(B). 
 Applying de novo review, see, e.g., Martinez v.
Flowers, 164 F.3d 1257, 1258 (10th Cir. 1998), we conclude that
the district court properly denied the petitioner relief on the
ground that the BOP has permissibly maintained that the
petitioner is not eligible for early release because he did not
complete a "Bureau of Prisons residential drug abuse treatment
program." See 28 C.F.R. 550.58(a)(3)(1997). Viewing this
regulation in the light of the statute as a whole and its
legislative history, we think that the BOP's position
constitutes a reasonable and permissible construction of the
statute. We have no occasion to apply the rule of lenity. We
also decline to consider the petitioner's equal protection
argument since it was not raised below. The remaining cases
that the petitioner cites in support of his claim do not
address the issue presented here. Consequently, they have no
bearing on this case. 
 In view of the foregoing, the judgment of the
district court is affirmed. See Local Rule 27(c).