**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT BUSSEY,

  Petitioner - Appellant,

vs.

A. M. FLOWERS,

  Respondent - Appellee.

No. 99-6201
(D.C. No. CIV-98-466-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

  Mr. Bussey, a federal inmate initially appearing pro se, appeals from the district court's denial of his habeas petition, 28 U.S.C. § 2241. On appeal, Mr. Bussey argues that (1) the district court erred in holding that the Bureau of Prisons (BOP) had not exceeded its authority under 18 U.S.C. § 3621(e) in promulgating 28 C.F.R. 550.58. Section 550.58 allows an inmate's prior

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

convictions to be considered in determining the inmate's eligibility for the sentence reduction authorized in 18 U.S.C. § 3621(e)(2)(B). He further argues that (2) § 550.58 is void for vagueness because the term "aggravated assault" is not defined; (3) he was denied due process because he was denied early release, pursuant to 18 U.S.C. § 3621(e); (4) the district court erred in applying Martinez v. Flowers to the retroactivity question presented; (5) his right to equal protection was violated by his denial of early release; and (6) the district court improperly construed his petition and denied him due process. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

The BOP did not exceed its statutory authority under 18 U.S.C. § 3621(e) by promulgating 28 C.F.R. § 550.58. This claim was addressed and rejected by this court in Martinez v. Flowers, 164 F.3d 1257, 1260 (10th Cir. 1998). We are both unwilling and unable to overrule the panel's disposition in Martinez.

The term "aggravated assault" does not render § 550.58 void for vagueness. The term was adopted with reference to the FBI Violent Crime Index, see 60 Fed. Reg. 27692 (1995), and is thus sufficiently clear both on its face and as applied to Mr. Bussey, whose state court conviction for assault with a firearm clearly qualifies as an aggravated assault.

Mr. Bussey was not deprived of due process because he was denied early release. Mr. Bussey was clearly informed that the BOP considered his California

convictions for assault with a firearm a prior conviction for aggravated assault. Moreover, Mr. Bussey was expressly told that he was ineligible for early release under § 550.58 due to his criminal history. Thus, any subsequent notice to Mr. Bussey that he would be eligible for early release was an erroneous interpretation of the regulation, and did not create an protectable expectation in early release. See Gray v. Crabtree, No. 97-35452, 1998 WL 452098 (9th Cir. July 27, 1998).

We disagree with petitioner that the district court improperly applied Martinez v. Flowers. While it is true that § 550.58 was amended after he entered the drug treatment program, this amendment in no way affects Mr. Bussey's eligibility for a sentence reduction, as Martinez clearly states. See Martinez, 164 F.3d at 1259 n.1.

Mr. Bussey's claim that another inmate similarly situated received a sentence reduction has been withdrawn by counsel. The claim is without merit. See Martinez, 164 F.3d at 1261 (rejecting similar argument). Finally, we are not persuaded by Mr. Bussey's arguments regarding improper construction of his various pleadings. Regardless, being a court of law, we are well-suited to consider legal arguments like those here advanced by Mr. Bussey; we have done so.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge