**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM HENRY GARNER,

  Petitioner-Appellant,

v.

MICHAEL V. PUGH,

  Respondent-Appellee.

No. 99-1478

D. Colo.

(D.C. No. 98-B-2637)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges.

---

Mr. Garner, appearing pro se, appeals the denial of his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Garner is currently incarcerated

at the Federal Prison Camp at Florence, Colorado ("FPC Florence"). He has been

denied parole and contends that the U.S. Parole Commission's (the

"Commission") application of its 1998 parole guidelines, rather than a provision

in effect at the time of Mr. Garner's conviction, violated the ex post facto clause

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and his right to due process. For the reasons set forth below, we affirm the district court's denial of his petition. [**] We grant Mr. Garner's motion to proceed in forma pauperis and affirm.

We review de novo the district court's denial of habeas corpus relief. See Martinez v. Flowers, 164 F.3d 1257, 1258 (10th Cir. 1998). We review the district court's factual findings for clear error. See id. Because Mr. Garner is proceeding pro se, we liberally construe his petition. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

In 1993, Mr. Garner was sentenced by the Superior Court of the District of Columbia to twelve years' imprisonment for burglary and receipt of stolen property, which offenses occurred in 1991. On August 5, 1998, the D.C. Board of Parole transferred jurisdiction over parole issues concerning D.C. Code prisoners, such as Mr. Garner, to the Commission, pursuant to D.C. Code Ann. § 24-1231. See National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code Ann. § 24-1231). Mr. Garner takes issue with the application of the Commission's guidelines rather than the D.C. Code's guidelines to his case.

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

First, Mr. Garner contends that the application of the Commission's guidelines has disadvantaged him because he was not deemed parole eligible at his initial hearing. As to Mr. Garner's ex post facto claim, we have noted "that the decided weight of authority is that guidelines of this sort, being guidelines only, are not subject to the ex post facto prohibition." Resnick v. United States Parole Comm'n, 835 F.2d 1297, 1301 (10th Cir. 1987). The Commission did not violate the ex post facto clause by applying current guidelines.

Mr. Garner also contends that the Commission's application of its 1998 parole guidelines violated the Equal Protection Clause of the Constitution. Because no suspect class or fundamental right is at issue, we inquire whether the Commission's action was "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Young v. United States Parole Comm'n, 682 F.2d 1105, 1109 (5th Cir. 1982); see Martinez, 164 F.3d at 1261. The magistrate judge noted that Mr. Garner did not specify how he was treated differently than any other similarly situated individuals.

On appeal, Mr. Garner points to the application of the D.C. Code guidelines to fellow D.C. Code offender Bruce Dorsey. The record suggests that the date of Mr. Dorsey's initial parole hearing preceded August 5, 1998 whereas Mr. Garner's occurred after August 5, 1998. The Commission applied its revised guidelines to all prisoners, like Mr. Garner, who were given initial parole

hearings on or after August 5, 1998.     See 28 C.F.R. § 2.80 (Guidelines for D.C. Code offenders).   Mr. Garner provides no evidence controverting these conclusions.  As such, Mr. Garner has not established that Mr. Dorsey or any other inmate is similarly situated with him and has received different treatment. Mr. Garner's claims are vague and conclusory and must be dismissed.     See Hall v. Bellmon , 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that "conclusory allegations without supporting factual averments are insufficient to state a claim").

For the reasons discussed above, the district court's denial of Mr. Garner's 28 U.S.C. § 2241 petition for a writ of habeas corpus is AFFIRMED.

Entered for the Court,


Robert H. Henry
Circuit Judge