FILED
United States Court of Appeals
Tenth Circuit

August 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LORENZO MARTINEZ,

       Petitioner-Appellant,

v.

B. DAVIS, Warden,

       Respondent-Appellee.

No. 10-1092
(D.C. No. 1:09-CV-02575-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner Lorenzo Martinez, acting pro se, appeals from the denial of his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Martinez claims that the

Residential Drug Abuse Treatment Program (RDAP) administered by the Bureau of

Prisons (BOP) discriminates against him because some individuals who are sentenced to

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

less time receive a greater percentage reduction in their sentence than he does.[1]  We affirm.

Upon completion of RDAP, a prisoner is eligible for a sentence reduction as follows: a six-month reduction if the prisoner's sentence was thirty months or less; a nine-month reduction for a sentence of thirty-one to thirty-six months; and a one-year reduction if the original sentence is over thirty-six months.  (Early Release Procedures at 7, Attach. E to Gov't Br.)  Because some individuals with shorter sentences receive a greater reduction in their sentence as a percentage of their overall sentence—possibly, according to Martinez, a 100% reduction[2]—Martinez claims he is the victim of discrimination.

The district court, pursuant to our decision in Montez v. McKinna, 208 F.3d 862

---

[1] It appears to this Court that this is the only issue raised by Martinez's appellate brief. Thus, we need not consider any other argument Martinez may have made in the district court because he did not raise them in his notice of appeal or appellate brief.  See Phillips v. James, 422 F.3d 1075, 1080-81 (10th Cir. 2005) (recognizing that we lack jurisdiction to consider issues not raised in the notice of appeal).

Martinez also alleges in his appellate brief that he is receiving only a 50% reduction in his sentence for completion of RDAP.  It is unclear what Martinez means by this; even if he receives a full year off of his sentence, he would still have served far more than 50% of his sentence.  At any rate, to the extent he means to raise an additional argument regarding his service of 50% of his sentence, such argument was not advanced in the district court and is therefore not before us on appeal.  See Stewart v. U.S. Dep't of Interior, 554 F.3d 1236, 1245 n.1 (10th Cir. 2009).

[2] This assertion is dubious, as BOP's manual explains that the minimum commitment to RDAP is 500 hours and RDAP has a duration of 9 to 12 months, so it is unclear how an inmate could have 100% of his sentence reduced if he must be in prison for 9 to 12 months to complete the program.  (See Attach. D to Gov't Br. at 2-8.)

(10th Cir. 2000), chose to address the merits without considering the issue of exhaustion, and we do the same. Id. at 866 ("[B]ecause no credible federal constitutional claim is raised in Montez's petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) [and deny the petition on the merits without considering exhaustion] . . . ."). Therefore, we do not reach Martinez's argument that exhaustion in this case should be excused due to futility. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010) (recognizing "narrow exception to the exhaustion requirement" when "petitioner can demonstrate that exhaustion is futile").

Turning to the merits of Martinez's claim, Martinez alleges that BOP's policy discriminates against him in violation of the United States Constitution by granting a lesser sentence reduction to him, as a percentage of his sentence, than to other convicted persons. RDAP was implemented by BOP through its statutory authority to reduce the sentence of a nonviolent offender after "successfully completing a treatment program." 18 U.S.C. § 3621(e)(2)(B). The statute provides, however, that "such reduction may not be more than one year from the term the prisoner must otherwise serve." Id. Thus, even if Martinez prevailed on his claim that the BOP policy unconstitutionally discriminates against him by granting other prisoners a greater proportional reduction in their sentences, the only remedy permitted by the statute would be to reduce the reduction for the shorter sentences because Martinez is already eligible for the maximum reduction permitted by statute. Martinez has not challenged the constitutionality of § 3621(e)(2)(B), and so as a practical matter, Martinez cannot receive a further reduction in

3

his sentence by any order of this court.

Nevertheless, because Martinez is proceeding pro se, we will construe his pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and assume that the injury he alleges is not just that his sentence should be reduced further, but also that he is subject to unequal treatment. See Day v. Bond, 500 F.3d 1127, 1133 (10th Cir. 2007) (recognizing that claimed injury in Equal Protection context can be "the right to receive benefits distributed according to classifications which do not without sufficient justification differentiate among covered applicants solely on the basis of [impermissible criteria], and not a substantive right to any particular amount of benefits." (internal quotations omitted)). Accordingly, even though we cannot increase the sentence reduction that Martinez may receive from BOP, we will nevertheless consider whether BOP's regulation complies with the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1, and the Due Process Clause of the Fifth Amendment "incorporates the principles of equal protection and thus protects against discriminatory legislative classifications by the federal government." United States v. Phelps, 17 F.3d 1334, 1343 n.12 (10th Cir. 1994). When considering an Equal Protection claim, we will apply a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class." Price-Cornelison v. Brooks, 524 F.3d 1103, 1110 (10th Cir. 2008). The classification at issue here certainly does not implicate a protected

class, nor is a fundamental right at issue.  See Martinez v. Flowers, 164 F.3d 1257, 1261 (10th Cir. 1998) (recognizing that a convicted prisoner does not have a right to a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), and applying rational basis review to claim that prisoner was treated differently from other prisoners who had been granted sentence reductions).  Accordingly, we will uphold the government's classification so long as it "bears a rational relation to some legitimate end."  Price-Cornelison, 524 F.3d at 1110 (quotations omitted).

We have little trouble concluding that BOP's classification passes rational basis review.  Congress has permitted BOP to encourage participation in RDAP by reducing the sentence of those who participate by up to one year.  See 18 U.S.C. § 3621(e)(2)(B).  BOP's decision to increase the possible sentence reduction when the incarceration period is greater is a reasonable one, as a six-month reduction will likely be significant to someone incarcerated for only two-and-a-half years, but it may not encourage an offender with a longer sentence to participate in the program because the reduction is too small.  Furthermore, BOP's decision to make the sentence reductions in whole numbers rather than proportionally is also rational.  BOP could reasonably determine that, say, a 10% reduction in the sentence of a prisoner with a 30-year sentence (i.e. a three-year reduction) would be too great a reduction for completion of the program (even if such a reduction were permitted by statute); likewise, BOP could determine that a smaller percentage reduction, say, 5%, would be too insignificant for offenders with shorter sentences to want to participate in the program.  Thus, BOP's program is eminently

5

reasonable, and survives Martinez's Equal Protection challenge.

AFFIRMED.  Appellant's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge