**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KIRBY KYLES,

        Petitioner-Appellant,

v.

C. CHESTER, Warden,

        Respondent-Appellee.

No. 11-3226
(D.C. No. 5:11-CV-03006-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Kirby Kyles, a federal prisoner proceeding pro se, appeals the dismissal of his petition for habeas corpus filed under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND

In December 2009, Mr. Kyles pleaded guilty in federal district court to one count of bankruptcy fraud, which he committed on July 11, 2007. He was sentenced on June 9, 2010, and committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for a term of forty-six months. He applied for participation in the BOP's Residential Drug Abuse Program (RDAP) in August 2010. Under 18 U.S.C. § 3621(e)(2)(B), the BOP may reduce the sentence of a prisoner convicted of a nonviolent felony by up to one year for successful completion of an RDAP. Mr. Kyles alleged that a BOP official informed him that under a 2009 change in BOP regulations that bars prisoners from earning a second § 3621(e) reduction, he was not eligible for a reduction in his current sentence for completing the RDAP because he had earned a § 3621(e) reduction in a prior sentence.

Mr. Kyles then filed a pro se petition for habeas corpus in the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 2241. He alleged that the BOP violated the Ex Post Facto Clause of the United States Constitution, Art. I, § 9, cl. 3, because the regulation that barred him from earning a second sentence reduction, 28 C.F.R. § 550.55(b)(7), as well as a parallel BOP Program Statement (PS), 5331.02, both took effect on March 16, 2009, well after the date he committed his offense. He claimed that under the version of the regulation in effect on the date of his offense, 28 U.S.C. § 550.58, prisoners were

-2-

not precluded from obtaining more than one § 3621(e) sentence reduction. He also alleged that § 550.55(b)(7) conflicted with the requirements of § 3621(e), and he claimed that lack of notice of the amended regulation violated his due process rights. He further asserted a liberty in interest in obtaining a sentence reduction and made passing reference to unequal treatment.

The district court screened the petition and issued a detailed Memorandum and Order outlining its deficiencies. The court observed that § 3621(e) did not establish criteria for early release eligibility, but instead gave the BOP discretion to determine when, if at all, a prisoner's sentence might be reduced for successfully completing an RDAP. The court further noted that in *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court stated that the BOP "may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret [§ 3621(e)] reasonably, in a manner that is not arbitrary and capricious." *Id.* at 240 (citation omitted). The district court concluded that the BOP's exclusion for prisoners seeking a second sentence reduction for successful RDAP completion was a permissible exercise of its discretion and an acceptable interpretation of § 3621(e).

The district court then turned to Mr. Kyles's claim under the Ex Post Facto Clause, which prohibits laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts," *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). The court concluded that on the date of his offense (July 11, 2007),

the BOP's policy of denying a second RDAP sentence reduction had been established in a prior program statement, PS 5331.01, which took effect on September 29, 2003. Therefore, the court concluded, Mr. Kyles had sufficient notice of the BOP's policy at the time he committed his offense, and the amended regulation, § 550.55(b)(7), did not increase his penalty beyond what the BOP already provided in PS 5331.01. The court further reasoned that the amended regulation took effect on March 16, 2009, well before Mr. Kyles was evaluated for an RDAP on August 6, 2010, and therefore the BOP appropriately considered his eligibility under the amended regulation. In addition, the court concluded that the denial of early release is not an increase in a prisoner's sentence for ex post facto purposes.

As to the other claims, the court concluded that Mr. Kyles had no liberty interest in a sentence reduction, and that he had alleged no facts establishing the elements of an equal protection claim. Thus finding no facial merit in the petition, the district court ordered Mr. Kyles to show cause why it should not be dismissed. Mr. Kyles filed a response, two addenda to it, and a supplemental response. After reviewing those additional filings, the district court dismissed the petition. In addition to rejecting Mr. Kyles's arguments regarding its prior order, the court identified and rejected a new claim, that the promulgation of § 550.55(b)(7) violated the Administrative Procedures Act (APA). This appeal followed.

## II.    DISCUSSION

"We review de novo the district court's denial of habeas corpus relief." *Martinez v. Flowers*, 164 F.3d 1257, 1258 (10th Cir. 1998).  Because Mr. Kyles represents himself, we afford his pleadings a liberal construction, but we do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Mr. Kyles presents four issues on appeal, which can be reduced to two: (1) the district court erred in its ex post facto analysis; and (2) prohibiting a prisoner from earning more than one sentence reduction for successfully completing an RDAP conflicts with § 3621(e).  We address the issues in order.

### A.    Ex Post Facto Claim

Again, the Ex Post Facto Clause prohibits laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Collins*, 497 U.S. at 43.  It "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred."  *Weaver v. Graham*, 450 U.S. 24, 30 (1981).  "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated."  *Id.*

Mr. Kyles argues that the district court erred in using the date he applied for admission in the RDAP as the relevant date for its ex post facto analysis.  He

contends that the date of his offense is controlling. We need not decide the issue, although we note that the district court provided alternate analyses for each date. To the extent the controlling date is the date Mr. Kyles applied for an RDAP, the district court's conclusion that the amended regulation was already in effect is undoubtedly correct. But even assuming Mr. Kyles is correct as to the relevant date, he has failed to show the lack of fair notice. First, at the time of his offense in July 2007, the BOP's policy to deny a second § 3621(e)(2)(B) sentence reduction already was established in PS 5331.01, which became effective in September 2003. Second, on July 1, 2004, the BOP published for comment the proposed amended regulation, 28 C.F.R. § 550.55, which added the second-reduction bar that had not been set out in the prior regulation, 28 C.F.R. § 550.58. The BOP stated that the second-reduction bar was "not a new requirement. It is merely a clarification of [the BOP's] existing policy and philosophy. In fact, since the implementation of the early release statute in June 1995, we have not granted early release to an inmate more than once." Drug Abuse Treatment Program; Subpart Revision and Clarification, 69 Fed. Reg. 39887-02, 39889 (proposed July 1, 2004). Accordingly, even though the BOP's policy was not codified in the Code of Federal Regulations until 2009, we conclude there was sufficient notice to Mr. Kyles at the time of his offense that the BOP does not permit a prisoner to earn a second sentence reduction for successful completion of RDAPs. Further, the amended regulation did not

-6-

"assign more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred." *Weaver*, 450 U.S. at 29 n.13. Thus, the district court properly concluded that Mr. Kyles's ex post facto claim failed. *See id.* at 30 ("lack of fair notice" is "critical" to ex post facto claim).

We are not persuaded differently by any of Mr. Kyles's arguments, two of which we briefly address. First, Mr. Kyles claims the district court erred in treating the BOP's program statements as if they had the force of law, relying on the principle that "[i]nterpretive rules [issued by an agency] do not have the force and effect of law and are not accorded that weight in the adjudicatory process," *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995). Although this principle is relevant to whether the BOP's program statements are substantive or interpretive rules for purposes of an APA rulemaking analysis, *see id.*, it is not relevant to an ex post facto analysis, where the focus is on whether Mr. Kyles had fair notice of the BOP's policy at the time he committed his offense (he did) and whether the amended regulation increased his penalty beyond that in place when he committed his offense (it did not).

Second, Mr. Kyles points to the following language in the amended program statement, PS 5331.02: "This policy enacts the § 3621(e) early release based on an inmate's sentence length. This rule will be effective 03/16/2009. Those inmates who are participating in or have completed the [RDAP] before 03/16/2009 are not affected by this rule." PS 5331.02, ¶ 6. Mr. Kyles appears to

argue that this language means the second-reduction bar only applies to prisoners who received their first sentence reduction after the program statement's effective date. We disagree. The quoted language is an implementing instruction regarding a different part of 28 C.F.R. § 550.55, subsection (c), which concerns a prisoner's early release time-frame, not subsection (b), which includes the second-reduction bar. Moreover, aside from the language's irrelevance to the pertinent part of the regulation, Mr. Kyles reading would be contrary to the BOP's long-established policy of denying a second § 3621(e)(2)(B) sentence reduction.

**B.     BOP Policy Does Not Conflict With § 3621(e)**

Mr. Kyles contends that the BOP's second-reduction bar conflicts with § 3621(e). He stresses the fact that in § 3621(e), Congress did not set out the second-reduction limitation the BOP has created but instead clearly defined which prisoners are eligible to participate in an RDAP. He argues that the BOP cannot categorically deny a reduced sentence, and that it did so in an arbitrary and capricious manner that conflicts with the statute.

These arguments have no merit. Eligibility to *participate* in an RDAP is distinct from *sentence-reduction* eligibility; the former is defined by § 3621(e)(5)(B),[1] the latter is left to the BOP's discretion under § 3621(e)(2)(B),

---

[1]     Section 3621(e)(5)(B) defines an "eligible prisoner" as one "determined by
(continued...)

within the statutory limitation that only nonviolent offenders can earn a sentence reduction. Under *Lopez v. Davis*, the BOP has discretion to determine which categories of offenders are eligible for a sentence reduction "based on their preconviction conduct," 531 U.S. at 244, "subject of course to [the BOP's] obligation to interpret [§ 3621(e)] reasonably, in a manner that is not arbitrary and capricious," *id.* at 240 (citation omitted). When it published § 550.55 for comment, the BOP gave sound a reason for denying a reduced sentence to second-timers, namely, that

> it is not appropriate to provide this incentive for inmates who completed RDAP, gained early release, but failed to remain drug and crime free. To provide this incentive to the same inmate twice would be counter to our drug treatment philosophy that inmates must be held accountable for their actions when released to the community.

69 Fed. Reg. at 39889. The BOP reiterated this rationale when it finalized the regulation in 2009. *See* Drug Abuse Treatment Program; Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 Fed. Reg. 1892-01, 1894 (Jan. 14, 2009). Hence, we see no conflict between § 3621(e) and § 555.50(b)(7) or either of the relevant program statements, and conclude that the regulation is not arbitrary and capricious.

---

[1](...continued)
the [BOP] to have a substance abuse problem" and who is "willing to participate in [an RDAP]."

## III. CONCLUSION

The judgment of the district court is AFFIRMED. Mr. Kyles's Motion to Proceed on Appeal Without Prepayment of Costs or Fees is denied, and he is ordered to pay in full the $455 appellate filing fee within thirty days of this order and judgment. The Motion to File Amicus Curiae Brief Out of Time, filed pro se by Kenneth L. Thompson, is denied.

Entered for the Court


Stephen H. Anderson
Circuit Judge