**William E. ALLARD, Petitioner and**
**Appellant,**

v.

**Louis S. NELSON, Warden, etc.,**
**Respondent and Appellee.**

**No. 23962.**

United States Court of Appeals,
Ninth Circuit.

March 24, 1970.

William E. Allard, in pro. per.

Thomas C. Lynch, Atty. Gen., State of California, San Franciso, Cal., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, and CARTER and TRASK, Circuit Judges.

PER CURIAM:

Allard, a California state prisoner brought habeas corpus proceedings in the district court, to challenge revocation of parole by the California Adult Authority.

Allard was given an indeterminate sentence in 1960 for burglary. Shortly after a parole in 1964 he was charged with child molesting. His parole was suspended and a hearing granted before the California Adult Authority for violation of parole on two grounds,—

(1) child molesting under Penal Code, §§ 288 and 288a, and (2) drinking to excess.

At trial the Superior Court dismissed the child molesting charge. *After* the dismissal, Allard was interviewed by his parole officer and admitted he and two companions consumed nearly three pints of whiskey on the day of the alleged child molesting offense.

The Adult Authority dismissed count 1 and found Allard had violated his parole as charged in count 2. Parole was revoked.

Allard's mere conclusory allegation that the revocation of his parole was arbitrary and capricious does not raise a constitutional question. Williams v. Dunbar, (9 Cir. 1967) 377 F.2d 505, cert. denied 389 U.S. 866, 88 S.Ct. 131, 19 L.Ed.2d 137 (1967). The procedures followed by the Adult Authority do not violate due process, Williams v. Dunbar, supra, and do not raise substantial constitutional questions, Eason v. Dickson, (9 Cir. 1968) 390 F.2d 585, 588–589, cert. denied 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968); Dunn v. California Dept. of Corrections, (9 Cir. 1968) 401 F.2d 340, 342; Head v. Chavez, (9 Cir. 1969) 411 F.2d 1222, 1223.

Judgment is affirmed.

* Hon. J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.