Johnny C. WIGGINS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 86–2008.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1987.

Decided July 31, 1987.

Rehearing and Rehearing En Banc Denied Sept. 24, 1987.

Tracy Barger, Little Rock, Ark., for appellant.

Clint Miller, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Johnny C. Wiggins appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. *Wiggins v. Lockart*, No. PB–C–86–155 (E.D.Ark. July 10, 1986). For reversal, Wiggins argues that the Arkansas Department of Correction violated his equal protection rights by classifying him as a fourth offender for parole eligibility purposes. For the reasons discussed below, we affirm the judgment of the district court.[2]

Wiggins has been incarcerated in penal institutions since 1967, except for brief periods when he escaped from custody. He was first incarcerated at the age of 14 in the Oklahoma State Penitentiary for manslaughter. While in prison there, he was convicted of manslaughter in the death of another inmate and received an additional sentence to be served consecutively. In January 1978, Wiggins was sentenced to

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

2. Wiggins also argues that (1) his classification as a fourth offender for parole eligibility violates the ex post facto clause and (2) he was entitled to a judicial hearing to determine his parole eligibility status. These issues are not before the court. In an order dated August 20, 1986, we granted Wiggins' application for a certificate of probable cause to appeal. We further advised, however, that "the only issue to be briefed is whether [Wiggins] has been denied equal protection under the laws." *Wiggins v. Lockhart*, No. 86–2008 (8th Cir. Aug. 20, 1986)

(Order). We note, however, that both the ex post facto claim and the procedural due process claim are totally meritless. The offenses that the Department of Correction considered in classifying Wiggins were committed after the effective date of the Arkansas statutes that define parole eligibility. Ark.Stat.Ann. §§ 43–2828, 43–2829, 43–2830. Thus there is no retrospective effect. *See Weaver v. Graham*, 450 U.S. 24, 28–31, 101 S.Ct. 960, 963–66, 67 L.Ed.2d 17 (1981). In addition, Wiggins has no property or liberty interest in a parole classification and thus has not established the threshold requirement of a procedural due process claim.

Cummins prison in Arkansas for 20 years for aggravated robbery and given a consecutive sentence of 15 years for stealing a car while attempting to escape from Oklahoma officials. In January 1979 Wiggins was sentenced to an additional 15 years for battery, escape and kidnapping (he locked a prison guard in his cell). In February 1981, he received a two-year sentence for an escape. Finally, in January 1984, Wiggins was sentenced to 30 years imprisonment for the murder of another prison inmate.

In February 1985, the Arkansas Department of Correction (the Department) reclassified Wiggins as a fourth offender. As a fourth offender, Wiggins is not eligible for parole. The Department added together all of the sentences imposed on Wiggins, which totaled 61 years and 6 days from January 9, 1984. Thus, Wiggins will not be eligible for release until he has served the full 61 years.

Wiggins filed a petition in state court challenging his classification as a fourth offender and asserting that his rights to due process and equal protection had been violated. The state court dismissed the petition without a hearing or written opinion. The Arkansas Supreme Court dismissed Wiggins' appeal for failure to comply with Arkansas procedures.

Wiggins then filed a petition for a writ of habeas corpus in federal district court, which denied the petition. *Wiggins v. Lockhart*, No. PB–C–85–153, slip op. at 4. The district court held that there was no ex post facto violation because the offenses which the Department considered in classifying Wiggins occurred prior to the effective date of the Arkansas statute defining conditions for parole. *Id.* The district court also found that Wiggins' equal protection claim had not been substantiated. *Id.* Lastly, the district court held that the state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. *Schwindling v. Smith*, 777 F.2d 431, 432–33 (8th Cir.1985).

 Wiggins' equal protection claim is the sole issue before this court on appeal. *See* n. 2. Wiggins' allegations in his peti-

tion concerning this claim are very general and conclusory. His brief on appeal is no more specific; he merely asserts that the "Department of Corrections is making parole eligibility classifications arbitrarily." He does not indicate in his petition or in his brief how he is being treated differently from other inmates or state any other facts in support of his claim. In order to warrant relief, or, as an initial matter, even an evidentiary hearing, a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim. Mere conclusory allegations will not suffice. *Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir.1970) (mere conclusory allegation that the "revocation of his parole was arbitrary and capricious" inadequate). We hold that the district court did not err in holding that Wiggins had failed to establish that his equal protection rights had been violated.

We have thoroughly reviewed the record in this case and find no error of fact or law. Accordingly, we affirm the judgment of the district court.