872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Lebron CHURCH, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Tennessee Board of Pardons and Paroles,
Defendants-Appellees.
 No. 88-6331.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a civil rights action under 42 U.S.C. Sec. 1983 against the named defendants alleging they unjustly denied plaintiff's request for a pardon from an aggravated assault conviction. Plaintiff sought monetary damages as well as injunctive relief, i.e., an order directing the defendants to grant plaintiff's request for a pardon. The case was referred to a magistrate who recommended the complaint be dismissed without prejudice to pursue the claims in a habeas corpus forum. The district court adopted this recommendation, over plaintiff's objections, and the instant appeal followed. The parties have briefed the issues, plaintiff proceeding pro se. Plaintiff has also filed a motion for appointment of appellate counsel.
 
 
 3
 Upon consideration, we find the instant complaint should have been dismissed with prejudice. Plaintiff's pleadings reflect his dissatisfaction with the decision denying his request for a pardon, yet contain no concrete legal or factual basis for his claims that the decision was rendered in an unconstitutional fashion. Plaintiff has no constitutionally protected liberty interest in a pardon as the Governor of Tennessee is vested with complete discretion to grant or deny pardons. Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 465 (1981); Tenn.Con. Art. 3, Sec. 6. Plaintiff's repeated, wholly conclusory references to due process and equal protection violations, even construed liberally, do not state a claim for a civil rights violation, Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987), or for a constitutional deprivation cognizable in federal habeas corpus. Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir.1987), cert. denied, 108 S.Ct. 1047 (1988); Schlang v. Heard, 691 F.2d 796, 799 (5th Cir.1982) (per curiam), cert. denied, 461 U.S. 951 (1983); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (per curiam).
 
 
 4
 Accordingly, the motion for the appointment of counsel is denied, the district court's judgment is modified to reflect a dismissal with prejudice and the judgment as modified is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.