**Lou PEREZ, Jr., Petitioner,**

v.

**John HEMINGWAY, Respondent,**

**No. CIV A 01–72685–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

July 26, 2001.

Lou Perez, Milan, MI, Pro se.

*OPINION AND ORDER OF*
*SUMMARY DISMISSAL*

BORMAN, District Judge.

## I. INTRODUCTION

Lou Perez, Jr., (petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from the Bureau of Prisons (B.O.P.) determination that he is not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

## II. PROCEDURAL HISTORY

On February 1, 2000, petitioner was convicted of unarmed bank robbery in the United States District Court for the Northern District of Ohio, pursuant to 18 U.S.C. § 2113(a). Petitioner was sentenced to forty six (46) months in prison. While incarcerated at the Federal Correctional Institution in Milan, Michigan, petitioner entered a five hundred (500) hour drug treatment program, which he is scheduled to complete on September 20, 2001. Although persons convicted of non-violent offenses are eligible for a one year reduction in their sentences upon completion of a drug treatment program, petitioner was informed by several persons at the federal prison in Milan that he would not receive a one year reduction in his sentence upon his completion of the drug treatment program.

Petitioner has now filed a petition for writ of habeas corpus. Petitioner first claims that the Bureau of Prisons ("B.O.P.") abused its statutory discretion under § 3621(e)(2)(B) when it ruled that he was ineligible for a one year reduction in his sentence upon completion of the B.O.P.'s drug treatment program. In support of this claim, it is petitioner's contention that the offense of unarmed bank robbery is not a "crime of violence" under the applicable regulations and statutes that would render him ineligible for a one year sentence reduction under that statute upon the successful completion of a substance abuse treatment program. Petitioner also appears to raise two separate equal protection issues. Petitioner first states that "If the B.O.P. has granted *any* similar cases time off in any region I'd be being held against my constitutional rights, and not treated equally."(emphasis

original). Secondly, petitioner appears to argue that 18 U.S.C. § 3621(e)(2)(B) violates the equal protection clause because only non-violent offenders, as opposed to violent offenders, are eligible for the one year sentence reduction following completion of a drug treatment program.

### III. *DISCUSSION*

■ A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Todd v. Scibana*, 70 F.Supp.2d 779, 781 (E.D.Mich.1999)(Edmunds, J.). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *Todd*, 70 F.Supp.2d at 781. Successful completion of a drug and alcohol treatment program is not a prerequisite to a federal inmate seeking judicial review of a Bureau of Prisons determination of prospective eligibility for sentence reduction under § 3621(e)(2)(B). Thus petitioner's habeas petition, which was filed after the B.O.P.'s determination of his eligibility, but prior to his completion of the drug treatment program, is ripe for consideration. *Id.*

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("Act"). Part of the Act directed the B.O.P. to make appropriate substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addiction. 18 U.S.C. § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the

Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. 18 U.S.C. § 3621(e)(2)(B).

■ Although Congress defined several terms contained in this subsection, it did not define the term "convicted of a nonviolent offense." *Downey v. Crabtree*, 100 F.3d 662, 664 (9th Cir.1996). To implement the Act, as well as to establish certain criteria for sentence reductions under § 3621(e)(2)(B), the B.O.P. promulgated 28 C.F.R. § 550.58 on May 25, 1995 and issued Program Statement (P.S.) 5162.02 on July 24, 1995. 28 C.F.R. § 550.58 defined "prisoner convicted of nonviolent offense" to mean a prisoner whose "current offense" does not meet the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3). 28 C.F.R. § 550.58 also laid out certain criteria under which the B.O.P. would categorically refuse to grant its discretion to grant early release. P.S. 5162.02 divided criminal offenses into four categories for determining an inmate's eligibility for a sentence reduction under the statute:

> (1) criminal offenses that are crimes of violence in all cases;
>
> (2) criminal offenses that may be crimes of violence depending on the base offense level assigned [under the Federal Sentencing Guidelines];
>
> (3) criminal offenses that may be crimes of violence depending on the specific offense characteristic assigned; and
>
> (4) criminal offenses that may be crimes of violence depending on a variety of factors.

P.S. 5162.02 initially defined violations of 18 U.S.C. § 2113(a) as a type of offense that "may or may not have involved the use, attempted use, or threat of force, or presented the substantial risk that force might be used." *See Cort v. Crabtree*, 113 F.3d 1081, 1083 (9th Cir.1997). The pro-

gram statement therefore instructed B.O.P. officials to make a determination whether a particular bank robbery offense was nonviolent, for purposes of a sentence reduction under § 3621(e), by looking at the "specific offense characteristic" section contained in the prisoner's pre-sentence report. *Id.*

On April 23, 1996, the B.O.P. issued Change Notice CN–01, which reversed P.S. 5162.02 with respect to the eligibility of persons convicted of bank robbery, armed or otherwise:

> [W]ith regard to the specific crime of bank robbery, the offense should be considered a crime of violence pursuant to section 924(c)(3), since due to the circumstances surrounding bank robberies, the offense involves an explicit or implicit threat of force and thus has as an element the "threatened use of physical force against the person or property of another."

In *Cort v. Crabtree, supra,* the Ninth Circuit held that Change Notice CN–01 could not be applied retroactively to those inmates who had either already successfully completed their drug treatment program or who had been informed prior to the issuance of Change Notice CN–01 that they would be eligible for the one year sentence reduction upon completion of the drug treatment program. However, the Ninth Circuit indicated that it agreed with both the government and the district court that the B.O.P.'s interpretation of § 3621(e)(2)(B)[ that unarmed robbery was a violent offense], was consistent with the law of the Ninth Circuit, which had held in various contexts involving the Federal Sentencing Guidelines that unarmed bank robbery, committed in violation of § 2113(a), did not constitute a non-violent offense. *Cort,* 113 F.3d at 1086, fn. 3. The Ninth Circuit further concluded that the prisoners before them offered no reason why the term "nonviolent offense" should be construed differently for purposes of § 3621(e). *Id.* The Ninth Circuit went on to hold that Change Notice CN–01 could apply only to prisoners who had neither entered into a substance abuse treatment program or received a favorable eligibility determination on the date of the issuance of Change Notice CN–01. *Id.*

In October of 1997, the Bureau of Prisons adopted a revised 28 C.F.R. § 550.58. The revised regulation abandoned its incorporation of the crime-of-violence definition in 18 U.S.C. § 924(c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 § C.F.R. 550.58(a)(1)(vi)(A) indicates that inmates whose current offense is a felony which involved an element of the actual, attempted, or threatened use of physical force against the person or property of another were not eligible for early release under § 3621(e)(2)(B). To aid B.O.P. staff in understanding and implementing these amendments to Section 550.58, the B.O.P. issued Program Statement 5162.04, "Categorization of Offenses", effective October 9, 1997. Section 6 of P.S. 5162.04 lists various federal offenses which have been determined to be violent offenses, including the offense of bank robbery.

In *Whipple v. Herrera,* 69 F.Supp.2d 1310, 1316–1318 (D.Colo.1999), the district court held that the B.O.P.'s initial determination that a prisoner convicted of unarmed bank robbery was eligible for a sentence reduction under the early release provisions of the drug treatment program was an impermissible construction of § 3621(e)(2)(B) and the original regulations, because unarmed bank robbery was not a nonviolent offense. The district court therefore concluded that the prisoner's status was not retroactively changed by the application of the new version of the prison regulations under which the prison-

er was not eligible for early release. The district court also concluded that P.S. 5162.04, Section 6, which excludes persons convicted of bank robbery from being eligible for a sentence reduction under § 3621(e), was a permissible construction of that statute. *Id.*

At least one other district court has rejected the idea that a conviction of unarmed bank robbery under 18 U.S.C. § 2113(a) is a nonviolent offense which would qualify an inmate for a sentence reduction pursuant to § 3621(e)(2)(B). *See Breen v. Hood,* 2000 WL 1132051, * 1–2 (February 4, 2000).

█ This Court concludes that under the applicable statute and regulations in effect at the time of petitioner's entry into this drug treatment program, the crime of unarmed bank robbery for which petitioner was convicted was a violent offense, for purposes of § 3621(e)(2)(B). Petitioner is therefore ineligible for a one year sentence reduction following completion of drug treatment by the very terms of the statute.

█ Petitioner also appears to be arguing that the B.O.P.'s denial of a sentence reduction was a violation of the equal protection clause. Petitioner initially argues that "if the B.O.P. has granted any similar cases time off in any region", his constitutional rights would be violated by their decision to deny him a sentence reduction. Petitioner offers no allegations that other prisoners convicted of unarmed bank robbery who have entered a substance abuse treatment program subsequent to the enactment of the revised CFR §. 550.58 have been granted a one year sentence reduction upon completion of that program. Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Wiggins v. Lockhart,* 825 F.2d 1237, 1238 (8th Cir.1987); *See also Church v. State of Tenn.,* 872 F.2d 1024, 1989 WL 40195, * 1

(6th Cir. April 20, 1989). In this case, petitioner is unable to establish an equal protection claim with respect to the B.O.P.'s decision to deny him eligibility for the one year sentence reduction following completion of the substance abuse treatment program, because he has failed to allege any facts which show that he received disparate treatment when compared with similarly situated inmates. *See Reffitt v. Nixon,* 917 F.Supp. 409, 414 (E.D.Va.1996)(rejecting equal protection claim in connection with denial of parole, where the prisoner failed to allege any facts which showed that he received disparate treatment when compared to a "similarly situated" prisoner).

█ Lastly, petitioner contends that 18 U.S.C. § 3621(e) violates the federal constitution, because it only allows non-violent offenders, as opposed to those inmates convicted of violent crimes, to be eligible for a one year reduction in their sentence following the completion of a substance abuse treatment program.

█ Strict scrutiny of an alleged equal protection violation is only employed if the classification at issue discriminates on the basis of a suspect criterion or impinges upon a fundamental right. *Hadix v. Johnson,* 230 F.3d 840, 843 (6th Cir.2000)(citing to *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439–47, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)). Prisoners are not a suspect class for equal protection purposes. *Hadix,* 230 F.3d at 843. There is also no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Lee v. Withrow,* 76 F.Supp.2d 789, 792 (E.D.Mich.1999)(Duggan, J.). Because the application of § 3621(e) or the corresponding regulations to petitioner's case did not

796

involve either a suspect class or a fundamental constitutional right, the rational basis test should apply to determine whether it furthers a legitimate governmental interest. *See Wottlin v. Fleming,* 136 F.3d 1032, 1036–1037 (5th Cir.1998)(internal citations omitted).

In the present case, both Congress and the B.O.P. had a rational basis for their decision to exclude persons convicted of violent crimes from being eligible for a one year sentence reduction upon completing substance abuse treatment, because this decision furthered a legitimate government objective of preventing the early release of potentially violent criminals. *See Cook v. Wiley,* 208 F.3d 1314, 1323 (11th Cir.2000); *Cadena v. Tombone,* 11 F.Supp.2d 889, 894 (E.D.Tex.1998). Because a rational basis exists for excluding violent offenders from being eligible for early release following the completion of drug treatment, petitioner's equal protection claim must fail.

 A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Marmol v. Dubois,* 855 F.Supp. 444, 446 (D.Mass. 1994). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), citing to Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. Although petitioner brought this petition under § 2241 and not § 2254, the rules governing § 2254 cases may be applied at the discretion of the district court judge in habeas petitions not brought under § 2254. *See* Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley,* 2001 WL 303534, * 1 (S.D.Ala. March 8, 2001); *Howard v. Certain Unnamed Air-*

*craft Pilots,* 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed.

### IV. *ORDER*

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**