# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2010

No. 09-30800
Summary Calendar

Charles R. Fulbruge III
Clerk

LEONARD BASTIDA,

Plaintiff - Appellant

v.

JAMES M LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; C. A. LOWE, JR. Chairman, Board of Parole and
Probation,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3546

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leonard Bastida, Louisiana prisoner #086923, filed a civil rights complaint asserting that he was being denied parole in violation of his due process and equal protection rights. The district court dismissed Bastida's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bastida contends that he established a due process violation because the Louisiana statutes governing parole use language leading a prisoner to expect release upon satisfaction of the pertinent rules. He also asserts that the Louisiana Board of Pardons and Paroles erred in denying his parole requests on the basis of "unchangeable" factors such as the nature of the underlying offense and Bastida's criminal history, particularly in light of Bastida's lengthy incarceration and evidence of his rehabilitative efforts. Bastida has pointed to no state laws using language mandating release, which would give rise to a constitutionally protected "expectation of parole." *Board of Pardons v. Allen*, 482 U.S. 369, 373, 377-78 (1987). He thus has not established that his right to parole is protected by the Due Process Clause.

Bastida also asserts that the denial of parole constituted a violation of the Equal Protection Clause. He maintains that officials in the Attorney General's Office informed prison officials that defendants convicted of armed robbery were ineligible for parole under the "old timer" statute. *See* La. R.S. § 15:574.4(A)(4). He argues this decision created a class of individuals suffering discrimination. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036-37 (5th Cir. 1998). Bastida admits that the prison removed the restriction and that many such offenders were then granted parole under the statute. He therefore has not shown that a "governmental action . . . classifie[d] between two or more relevant persons or groups." *Johnson v. Rodriguez*, 110 F.3d 299, 309 (5th Cir. 1997) (internal quotation marks and citation omitted).

To the extent that Bastida is arguing that his continued denial of parole resulted in discrimination against a "class of one," he has not established that he was treated differently as a result of "illegitimate animus or ill-will" or that the different treatment was intentional. *See Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000), *overruled on other grounds*, *McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir. 2002) (en banc).

Bastida thus has not established that the district court erred in dismissing his Section 1983 lawsuit as frivolous or for failure to state a claim upon which relief could be granted. *See Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001); *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). The judgment of the district court is thus affirmed. Bastida is informed that, upon our affirmance, the district court's dismissal counts as one strike for purposes of Section 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Bastida is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.