# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2021

Lyle W. Cayce
Clerk

No. 20-30344

Carson Wayne Thomas,

*Plaintiff—Appellant*,

*versus*

James M. LeBlanc, *Secretary of the Louisiana Department of Safety and Corrections*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-496

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Carson Wayne Thomas, Louisiana prisoner # 392537, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). In his complaint, Thomas

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

asserted that his due process rights were violated because he had a liberty interest in consideration for "geriatric parole" under "Act 790" and his parole hearing was cancelled and not rescheduled. The district court determined that, under the law in effect when Thomas committed armed robbery, he was never eligible for geriatric parole and had to serve 85 percent of the sentence imposed before becoming eligible.

By moving to appeal IFP, Thomas challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is apparent that it would be meritless. *Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

Thomas's counseled brief inadequately addresses the district court's conclusion that he failed to state a claim upon which relief could be granted because his armed robbery conviction precluded eligibility for the parole he sought. *See* FED. R. APP. P. 28(a)(8)(A). We deem issues not adequately briefed to be abandoned. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Even so, Thomas is unable to demonstrate a nonfrivolous appellate issue. A parole system by itself "does not give rise to a constitutionally protected liberty interest in parole release." *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Our unpublished authority, which we find persuasive, *see Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006), holds that Louisiana prisoners do not have a liberty interest in parole that is protected

No. 20-30344

by the Due Process Clause, *see Bastida v. LeBlanc*, 372 F. App'x 443, 444 (5th Cir. 2010); *Stevenson v. Louisiana Bd. of Parole*, No. 01-30252, 2001 WL 872887 at *1-2 (5th Cir. July 11, 2001) (unpublished).

Because Thomas fails to show that his appeal involves any nonfrivolous issue, his motion for leave to proceed IFP is DENIED, and this appeal is DISMISSED as frivolous. *See Howard*, 707 F.2d at 220; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.